JOHN E. HALL, Respondent, v. NEWELL F. LEWIS, Appellant, No. 44327—272 S. W. (2d) 260.

Division Two, November 8, 1954.

*Remmers & Remmers, Oliver T. Remmers* and *Douglas B. Remmers* for appellant.

1098

*Morris A. Shenker* and *William R. O'Toole* for respondent.

WESTHUES, C.—This is an action filed by plaintiff John E. Hall against the defendant wherein he asked $10,000 in damages for personal injuries alleged to have been sustained when defendant's car struck plaintiff while it was in an automatic car wash establishment. A trial resulted in a verdict for the defendant. The trial court granted a new trial on the ground that instruction No. 3 given by the court at defendant's request was erroneous. From the order, the defendant appealed.

In the brief, defendant Lewis contends instruction 3 was not erroneous and further that the trial court should have directed a verdict for the defendant on the ground that the evidence was insufficient to sustain a finding for plaintiff. The case was submitted to a jury under the res ipsa loquitur doctrine.

Plaintiff's evidence showed the following to have occurred: Plaintiff was employed by the Automatic Car Wash Company in St. Louis, Missouri. His duties consisted of operating the machinery controlling the brushes which washed a car as it passed through the washer. When on duty, plaintiff would stand on a concrete platform 5 or 6 inches above the level of the floor near the entrance of the machine. On November 20, 1951, the defendant drove his car to the establishment to have it washed. A cousin of defendant's wife was in the car with him. After the defendant stopped his car at the door of the building and before entering it, employees of the washing company cleaned the wheels of defendant's car. Defendant was then requested to drive the car into the building and to stop near the entrance of the washer. A sign at the entrance of the building read:

"Please
REMAIN IN CAR UNTIL INSIDE BLDG.
UNLOCK DOORS
ROLL WINDOWS UP
LEAVE MOTOR RUNNING
NOT RESPONSIBLE
FOR ANYTHING LEFT IN CAR
Thank You"

The defendant, after driving the car inside, stopped it a few feet from where plaintiff was standing on the concrete platform operating the machinery washing a car. Defendant was driving a 1950 Studebaker. After the car was stopped, defendant Lewis put the automatic shift in "Park" position and put on the emergency brake. He left the motor running. An employee of the washing company told the defendant to get out of the car. After defendant got out on the left side, the employee held the door open. Miss Lucille Soutiea, defendant's guest, who occupied the righthand side of the front seat, attempted to get out on the righthand side; the employee of the

company directed her to get out on the driver's side. Plaintiff testified that an employee always gives customers directions after a car is driven into the building. Note plaintiff's evidence:

"Q. Now, Hall, when the car comes in the alley, the motor is always running?

"A. That's right.

"Q. And there is an attendant there, isn't there?

"A. Beg pardon?

"Q. There is a man standing there?

"A. Yes, that's right, a man standing there.

"Q. From the car wash company?

"A. That's right.

"Q. And he tells the people to get out?

"A. Tells the man.

"MR. O'TOOLE: Just a moment. I object to that as being hearsay, calling for hearsay.

"THE COURT: Overruled.

"Q. (Mr. Remmers) What was your answer?

"A. Tells the man.

"Q. He tells the people to get out?

"A. That's right.

"Q. And then do they fasten a hook onto the bumper?

"A. Yes."

As Miss Soutiea attempted to get out of the car, she grasped the steeringwheel and as she was pulling herself across the seat, the car suddenly lurched forward and struck plaintiff breaking his right leg. Thereafter, defendant's car was drawn through the washer, cleaned, and returned to the defendant.

█ Was plaintiff entitled to submit his case under the res ipsa loquitur doctrine? We think not. One of the basic elements of the res ipsa loquitur doctrine is that the instrumentality causing the injury must be under the control of the defendant. Maxie v. Gulf, M. & O. R. Co., 356 Mo. 633, 202 S. W. (2d) 904, l.c. 911 (5, 6); Cruce v. Gulf, Mobile and Ohio R. Co., 358 Mo. 589, 216 S. W. (2d) 78, l.c. 80 (3-5). In order to have his car washed, the defendant was required to surrender control of the movements of the car when he drove into the washing establishment. Note, as set out supra, the detailed instructions on the sign posted at the entrance. █ Leaving the motor of the car running was one of the principal factors causing the car to lurch forward and injure plaintiff. The motor was left running at the specific direction of the wash company. Another factor, which in all probability was a contributing cause, was that Miss Soutiea attempted to get out of the car on the left-hand side. This was also done at the direction of the company employee.

Plaintiff, in the brief, argues that the defendant had the right of control at the time plaintiff was injured and that that was sufficient under the res ipsa loquitur doctrine. It is true defendant was not compelled to have his car washed. He could have refused to obey the directions given by the employee of the company. He could have stopped the motor and also directed Miss Soutiea to get out of the car on the righthand side and to disregard the directions given her by the employee. If defendant had so acted, he would in all probability have been invited to leave and to have his car washed at some other place. In the orderly course of business, the defendant was required to comply with the regulations prescribed by the car washing company. The regulations in this case amounted to surrendering control of the movements of the car to the car washing company.

 The instruction deemed erroneous by the trial court reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that Miss Lucille Soutiea was merely the guest of the defendant in his automobile and was not acting under his direction or control, and if you further find that her actions in moving inside of the defendant's automobile caused the defendan't (defendant's) automobile to move forward, either accidentally or through her negligence, and strike the plaintiff, her actions cannot be imputed or charged to the defendant."

The instruction did not direct a verdict. It merely informed the jury that if Miss Soutiea was not acting under the direction of the defendant and that if her actions in moving inside of the car caused it to move forward, either accidentally or through negligence, her actions could not be charged to defendant. Under the facts proven, instruction 3 was proper.

Plaintiff says that the phrase "her actions in moving inside of defendant's automobile" gave the jury a roving commission to speculate and conjecture as to what actions the passenger might have taken that would cause the automobile of the defendant to go forward. Plaintiff's evidence was that Miss Soutiea was 5'3" tall and weighed about 200 pounds; that she had difficulty in getting by the steering wheel; that she grasped the steering wheel and pulled herself to the left side of the car; that it was then that the car lurched forward. The jury had a right to conclude that while Miss Soutiea was in the act of moving over by pulling on the steering wheel she must have by some action on her part caused the car to lurch forward. Such a finding was sufficient to excuse the defendant. It was not necessary to require a finding of some specific act, for example, that Miss Soutiea while attempting to move left pulled the selector lever from "Park" to "Drive" position. As we noted supra, the instruction was proper. See Herrell v. St. Louis-San Francisco Ry. Co., 324

1102

Mo. 38, 23 S. W. (2d) 102, l.c. 104, 105 (4, 5); Stevens v. Westport Laundry Co., 224 Mo. 955, 25 S. W. (2d) 491, l.c. 498 (15).

Plaintiff says further that instruction 3 was a ''sole cause'' instruction and defective in not requiring a finding that the casualty was not due to any negligence of the defendant. We cannot follow that reasoning. The instruction under the facts proven was a correct declaration of the law of imputed negligence and not a verdict directing instruction.

We hold the trial court was not justified in granting a new trial. The cause should be remanded to the trial court with directions to set aside the order granting a new trial and to reinstate the verdict of the jury.

It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Leedy,* Acting P. J., *Ellison,* J., and *Bennick* and *Broaddus,* Special Judges, concur.