AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE, Plaintiff-Respondent,

v.

Dennis I. TONKINS et al., Defendants-Appellants.

No. 35350.

Missouri Court of Appeals, St. Louis District, Division Two.

May 7, 1974.

---

Briegel & Kimme, John B. Berkemeyer, Union, for defendants-appellants.

Jenny, Cole & Eckelkamp, L. B. Eckelkamp, Jr., Washington, for plaintiff-respondent.

GUNN, Judge.

Appeal from a declaratory judgment. Defendants were declared to be residents

of one household under the terms of an insurance policy issued by plaintiff insurance company and thereby excluded from coverage under the policy. The issue is whether defendants, a father and his two sons, were members of the same family residing in the same household within the meaning of an exclusionary clause of an insurance policy. We affirm the trial court's judgment holding the exclusionary provision applicable.

Plaintiff insurance company instituted an action against Henry Tonkins, the insured, and his sons, Dennis and Gary Tonkins, as defendants. Defendants were involved in a one-car accident, at which time Gary was driving Henry's car and in which Dennis and Henry were passengers. Dennis filed suit against his father, Henry, and Gary for damages for injuries sustained in the accident. Plaintiff filed this action for declaratory judgment seeking declaration that plaintiff would not be liable or required to defend Dennis' action by reason of the household exclusionary clause in the insurance policy. The exclusionary clause provides:

"This policy does not apply under Part I:

While the automobile is being driven by any person under the age limit set by law, or . . . ."

"(K) to bodily injury to any assured or any member of the family of an assured residing in the same household as the assured."

Plaintiff's evidence was that defendants all lived in a house in an area zoned for single family residences. Downstairs, the house contained a living room, kitchen, two bedrooms and a bath. There was also an upstairs bedroom. Henry, the father, maintained that he lived as a separate household from that of his son. His room was on the first floor, off the living room, and a curtain could be drawn across his doorway to screen his room from the rest of the house. The father purchases and prepares his own food which is kept in a separate refrigerator and eats in his own room most of the time. The utility bills for all city services are sent to the single address, but the father pays the phone bill as his contribution. The bathroom is shared by all members of the family. The father testified that he had control over his own room but that his son had control over the rest of the house.

The fee interest in the house is owned by Dennis and his wife, and Dennis and his wife have conveyed a life estate in the house to the father. There are first and second deeds of trust on the house signed by Dennis, his wife and Henry, and the payments on the first deed are made by Dennis and his wife with payments on the second deed made by Henry. The Tonkins testified that the payments on the second deed were in lieu of rent to be paid by Henry. Decisions regarding repairs and maintenance to the house are for Dennis to make, but the father has control over his own room. Dennis pays the real and personal property taxes on the house. The arrangement under which the Tonkins live is permanent as Henry has no intention of ever moving.

■■■ The trial court found that the defendants were members of one household and that, therefore, plaintiff was excluded from the liability under the terms of the insurance policy. We are guided by the principle that in reviewing a court tried case, we should not set aside the judgment unless it is clearly erroneous. Hawn v. Hawn, 505 S.W.2d 459 (Mo.App.1974); Rule 73.01(d) V.A.M.R. But the burden is on respondent to prove facts which would make the exclusionary provision of the policy applicable. Mission Insurance Co. v. Ward, 487 S.W.2d 449 (Mo. banc 1972). We cannot find that the trial court's decision here was clearly erroneous.

■■■ It is true, as defendants contend, that a person who stays in another's home, even a relative's home, but lives independently of the rest of those residing in the

home may not be a member of the household. The individuals present in the home must be merged with others living there so that the home is one unit under one management. Any evidence that the persons do not function as a single unit may defeat a claim that all persons residing in the home constitute one household. Giokaris v. Kincaid, 331 S.W.2d 633 (Mo.1960). But a person who lives in a home and functions within the family unit with intention to remain there permanently will be considered as residing in the household within the meaning of the type of exclusionary clause which is involved in this case. State Farm Mutual Automobile Ins. Co. v. McBride, 489 S.W.2d 229 (Mo.App. 1972).

■ In Mission Insurance Co. v. Ward, *supra,* two theories concerning the existence of one or two households within the confines of a single dwelling were discussed. The one theory looks to the length of time the parties intend to remain in the home. A temporary arrangement lends itself to the idea of separate households, whereas a permanent arrangement might indicate the existence of a single household. It is clear that if two families live together under a single roof temporarily until one family can find another place to live, separate households exist. Giokaris v. Kincaid, *supra;* Mission Insurance Co. v. Ward, *supra.* The second theory concerns the nature of the arrangement and whether the parties live as separate units or function together as one unit under one management.

■ This case presents a clash between the two theories presented. There is no question but that the arrangement was permanent. The father has a life estate in the house and plans never to move. But there was also evidence to establish some intention of the Tonkins to function as two separate units so the evidence is of permanence and separation. Although there was evidence of some intention to function separately, the trial court also had evidence of the singleness of the family unit. Since there was supportive evidence for the trial court to find that Henry and Dennis Tonkins were members of the same family residing in the same household, the trial court was not clearly erroneous in concluding that defendants' claim was excluded from the policy. The decision here should not be construed to imply that there cannot ever be a permanent arrangement for maintaining separate household units under a single roof. We merely hold here that the trial court was not clearly erroneous in finding the existence of a single family unit as opposed to two family units.

The judgment is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.