**Stephen MINO, Appellant,**

v.

**PORTER ROOFING COMPANY, INC., and House of Lloyd, Inc., Respondents.**

**No. WD 41692.**

Missouri Court of Appeals, Western District.

Jan. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied April 17, 1990.

Sheila J. Madden, and Charles W. Gordon, Jr., Smith, Gill, Fisher & Butts, Kansas City, for appellant.

Paul H. Niewald, Niewald, Waldeck, Norris & Brown, Kansas City, for Porter.

Larry J. Tyrl, Kansas City, for House of Lloyd.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This is a suit by Stephen Mino brought to recover damages for injuries he sustained in a fall through an opening in the roof of a building under construction. The jury returned a verdict for the defendants and Mino appeals contending errors were made in the jury instructions. We affirm the judgment.

The following facts in the case were not in dispute. In the summer of 1984, defendant House of Lloyd was the owner of a site on which it was having a warehouse type building constructed. The exterior walls and roof of the structure were of pre-cast concrete sections. At the time Mino suffered his injuries, July 3, 1984, the erection contractor had completed placement of the walls and roof and various other contractors were at work finishing details for the completion of the project. Among those were defendant Porter Roofing Company and Harton Mechanical Contractors, Mino's employer.

Porter Roofing's work was to surface the concrete roof with polystyrene or styrofoam, a layer of thin rubber sheeting and ballast. Harton was supplying the heating and air conditioning equipment. The air handling units which provided for circulation of chilled and warm air were to be mounted on the roof and, to accommodate this equipment, openings had been left in the concrete roof panels. These openings were surrounded by twelve inch high metal curbs on which the air circulation units were to be mounted.

At the time of Mino's accident, Porter Roofing's work was substantially completed. In the area of the roof openings, the roofing material had been secured to the outside of the metal curbs to form a waterproof seal. The openings themselves had no permanent covering, awaiting installation of the circulation units. From time to time, however, the openings were temporarily covered with plywood sheets or styrofoam to keep out rainwater and those coverings were also variously removed and replaced.

On the day of the accident, Mino was on the roof of the building to check on possible modification of an air circulation unit which had been delivered but was not the correct size. The roof opening at that time was covered with styrofoam but there was no plywood or other supporting material beneath it. Mino stepped onto the styrofoam which then collapsed allowing him to fall some thirty feet to the building floor.

The theory of plaintiff's cause of action against Porter Roofing was that employees of Porter had either replaced the plywood covering of the opening with styrofoam or were aware that only styrofoam covered the hole and did nothing to warn other workers on the job, and particularly Mino, of the danger which the insubstantial cover presented. Under the evidence presented, there was no testimony showing who had actually removed the plywood covering or who was responsible for the use of the styrofoam as a substitute cover. Plain-

tiff's case therefore depended on proof that Porter Roofing bore the responsibility as a subcontractor for safeguarding the area of the roof opening.

In his first point of error, Mino claims the trial court erred in instructing the jury too narrowly regarding the scope of Porter Roofing's duty, as a subcontractor, to employees of other subcontractors on the same job.

■ We first note that plaintiff has failed to comply with Rule 84.04(e). That rule requires that if a point relates to the giving of an instruction, that instruction must be set forth in full in the argument portion of the brief. Plaintiff has set out his proposed instruction in full in a footnote but has neglected to include the text of the complained of instruction. This omission on the part of plaintiff renders the alleged error improperly preserved for review. *Aluminum Prod. Enter., Inc. v. Fuhrmann Tooling and Mfg. Co.*, 758 S.W.2d 119, 124 (Mo.App.1988).

In the interests of disposing of the case, we have elected to review the claim of error ex gratia, seeking out the text of the instruction complained of from the legal file. Counsel should, however, be aware that such briefing omissions may result in a failure to review a point on its merits and may cause an adverse decision to be rendered in a case where a viable appeal otherwise is present.

The argument portion of appellant's brief suggests, without any reference particularly to a numbered instruction, that the court erred in giving verdict directing Instruction No. 6. That instruction read as follows:

### INSTRUCTION NO. 6

In your verdict, you must assess a percentage of fault to defendant Porter Roofing Company, whether or not plaintiff Stephen Mino was partly at fault, if you believe:

First, Porter Roofing Company had control and responsibility of the curb and the area within the curb on the roof of the Fireworks building; and

Second, either:

Defendant, Porter Roofing Company failed to cover or recover the hole on the Fireworks building with a material that could bear the weight of a man; or

Defendant Porter Roofing Company failed to warn that the hole in the roof of the Fireworks building was covered with a material that could not bear the weight of a man; and

Third, defendant, Porter Roofing Company in any one or more of the respects submitted in paragraph Second was thereby negligent; and

Fourth, as a direct result of such negligence, plaintiff Stephen Mino sustained damage.

■ Appellant's complaint with the instruction and a corresponding complaint that plaintiff's verdict directing instruction was tendered but refused, lie in the language of paragraph first. Appellant contends that he should not have been taxed with the burden of showing that Porter Roofing had control of and responsibility for the construction area where the air circulation unit was to be installed. He contends it should only have been necessary to show that Porter Roofing knew of the danger existing by reason of the insubstantial covering over the roof opening, but failed to warn others, such as plaintiff, who were working in the area. The concept appellant advances would fix liability on Porter for dangerous conditions on a job site, even in areas not under Porter's control or constituting part of the work assigned to Porter. No case authority has extended a subcontractor's responsibility to such lengths.

In support of his argument, appellant cites *Komeshak v. Mo. Petroleum Prod. Co.*, 314 S.W.2d 263 (Mo.App.1958), and *Killian v. Wheeloc Engineering Co.*, 350 S.W.2d 759 (Mo.1961). The cases are factually distinguishable and neither stands for the broad holding which appellant asserts.

In *Komeshak*, an asphalt subcontractor borrowed a foreman and an employee from the general contractor to assist in undersealing a highway. During the course of the work, the borrowed employee was in-

jured by hot asphalt. The cause of action was submitted on instructions that the subcontractor-defendant owed a duty to warn the borrowed employee of danger connected with the work when the subcontractor knew or should have known of the danger. The case is not authority applicable to the suit here by appellant because in *Komeshak*, the work being performed was that allocated to the subcontractor-defendant and it was the defendant who was responsible for assigning plaintiff the duties he was performing when he was injured.

In *Killian*, the injured plaintiff was an employee of the general contractor and suffered cuts from sharp scraps of tin which the defendant-subcontractor had left in a common work area used by all the subcontractors. The cause was submitted on instructions that the subcontractor-defendant owed a duty to exercise reasonable care to avoid conduct on the job site which could cause injury to employees of other subcontractors. Again, the case is not authority supporting appellant's theory because in *Killian*, the dangerous condition was created by the defendant and the location where plaintiff was injured was a common work area for all the employees on the job.

The distinguishing facts in the present case are that plaintiff presented no evidence to prove that Porter Roofing had removed the plywood covering from the roof opening or had covered the opening with styrofoam. Porter was therefore not chargeable with negligence, as was the defendant in *Killian*, on account of conduct creating the dangerous condition. Also, the location where the accident occurred in this case was neither a common work area for subcontractors' employees generally, as was the situation in *Killian*, nor did Porter Roofing have any control over the work appellant was performing for his employer, Harton Mechanical Contractors, as was the situation in *Komeshak*. Moreover, the undisputed evidence was that Harton Mechanical Contractors was responsible for the roof area where the openings were located because it was Harton's task to utilize the openings for placement of air handling equipment. The work area assigned to Porter ended at the curbs around the openings.

The following propositions control the liability of subcontractors where other employees on the job suffer injuries attributable to dangerous conditions. The contractor is liable where he is in control of and has charge of the work and the dangerous condition is attributable to wrongful or negligent acts of his employees while the work is in progress. *Miller v. Brunson Const. Co.*, 250 S.W.2d 958, 960 (Mo. 1952). If the instrumentality causing the harm is under the control of the defendant contractor and the plaintiff is injured while in a work area common to employees, the defendant owes a duty of care to avoid causing such injury. *Howard v. S.C. Sacks, Inc.*, 76 S.W.2d 460, 465 (Mo.App. 1934). A contractor who supplies equipment or devices which are to be used by employees of others on the construction job, owes a duty to make the device safe for its intended use. *Loehring v. Westlake Const. Co.*, 118 Mo.App. 163, 94 S.W. 747 (1906).

In this case, Porter Roofing owed no duty to appellant because it had no responsibility to make the area of the roof openings safe, it did not create the hazardous condition and it had no control over or right to control the conduct of appellant in the performance of his duties as an employee of Harton. The jury was properly instructed that Porter's liability depended on proof that Porter had responsibility for and control over the area of the roof openings where appellant was injured.[1] Appellant's complaint about the instruction is without merit.

In appellant's second point, he complains the trial court erred in submitting a comparative fault instruction to the jury

---

1. Under the evidence presented, appellant failed to make a submissible case. The undisputed fact that Porter Roofing had no responsibility to provide any covering for the roof openings and that no evidence established who had used the styrofoam as a temporary measure to protect against the elements were fatal to appellant's cause against Porter.

because there was no evidence he was at fault in causing the accident.

Again, plaintiff's allegation of error has not been preserved for review because plaintiff has not set out the text of the complained of instruction in the argument portion of his brief. Rule 84.04(e). Moreover, even if error existed in giving the instruction it was harmless because the jury found defendant was not negligent. An erroneously given comparative fault instruction is of no significance unless the jury finds the defendant negligent. *Hyman v. Robinson*, 713 S.W.2d 300, 301 (Mo.App.1986). The point is denied.

The judgment is affirmed.

All concur.