Jo Ann **MAZZOCCHIO**, Respondent,

v.

Thomas G. **POHLMAN**, Respondent,

**American Family Mutual Insurance Company**, Appellant.

No. 63190.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1993.

Steven P. Kuenzel, James W. McGettigan, Jr., Washington, for appellant.

James E. Hullverson, Jr., St. Louis, for respondent.

AHRENS, Judge.

This appeal involves the construction of an automobile insurance policy issued to respondent Jo Ann Mazzocchio by appellant American Family Mutual Insurance Company (American Family). Specifically, American Family challenges the trial court's interpretation of the contract's antistacking and right to consent clauses. We affirm.

The parties waived trial by jury and submitted the case to the trial court on the following stipulated facts. On September 25, 1989, Mazzocchio was driving her car when it was hit by a vehicle driven by Thomas G. Pohlman. As a result of the collision, Mazzocchio suffered damages in the amount of $40,000.00. Mazzocchio was covered by an American Family insurance policy which provided underinsured motorist protection in the amount of $50,000.00 per person; Pohlman was covered by a Windsor Insurance Company (Windsor) motor vehicle liability policy which provided personal injury insurance in the amounts of $25,000.00 per person and

$50,000.00 per accident for his 1984 Toyota pickup truck and 1978 Ford F–250. On August 15, 1991, a partial summary judgment was entered declaring a clause in Mazzocchio's American Family policy which required American Family's written consent to settlement invalid and unenforceable. On September 6, 1991, Mazzocchio and Pohlman entered into a settlement agreement whereby Windsor paid to Mazzocchio the sum of $25,000.00 and Mazzocchio executed a Release and the Stipulation for Dismissal with Prejudice of Defendant Pohlman and Continuation of Suit Against Defendant American Family. As a result, American Family is entitled to a credit or a set off in the amount of the $25,000.00 paid by Windsor to Mazzocchio and the maximum judgment against American Family is $15,000.00.

The court entered judgment in favor of Mazzocchio and against American Family in the amount of $15,000.00. In doing so, the court declared the "right to consent" clause contained in the American Family underinsured motorist coverage invalid and unenforceable. The court also determined that the Windsor policy limits could not be stacked. Lastly, the court held that the Release and Stipulation for Dismissal signed by Mazzocchio did not constitute a bar against American Family's right to subrogation against Pohlman.

■ In a judge-tried case the trial court's judgment will be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In its first point, American Family claims the trial court erred in entering a judgment in favor of Mazzocchio and against American Family because the motor vehicle liability coverage on each of Pohlman's vehicles should have been stacked to provide a total coverage in the amount of $50,000.00. American Family argues that the Windsor limits of liability clause does not apply in this case or, in the alternative, is ambiguous and should be interpreted against the insurer.

This clause is set out below with the phrases in question emphasized.

LIMITS OF LIABILITY

The limits of liability shown in the Declarations apply subject to the following:

1. The bodily injury for "each person" is the maximum we will pay as damages for bodily injury, including damages for care and loss of services, because of bodily injury *sustained by the insured* as the result of any one accident.

2. Subject to the bodily injury liability limit for "each person", the bodily injury liability limit for "each accident" is the maximum we will pay as damages, *to the insureds*, including damages for care or loss of service, because of bodily injury *sustained by two or more insured* as the result of any one accident.

3. The property damage liability limit for "each accident" is the maximum we will pay for all damages to property in one accident. .

We will pay no more than these maximums regardless of the number of vehicles described in the Declarations, insured persons, claims, claimants, policies, or vehicles involved in the accident. Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under the Uninsured Motorist Coverage of the policy.

First, American Family contends that this section is rendered meaningless by attempting to limit liability coverage by using the terms "insured" and "insureds" and should not apply in this case. In the alternative, American Family argues that the obvious misuse of the terms in question makes the Limits of Liability section ambiguous.

■ It is the court's duty to interpret insurance policies. *Brugioni v. Maryland Casualty Co.*, 382 S.W.2d 707, 710 (Mo.1964). In doing so, we will consider the language of a contract ambiguous if "there is duplicity, indistinctness, or uncertainty in the meaning of the words used." *Rodriguez v. General Accident Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. banc 1991). To determine the intended meaning of a contract, the court will not isolate ambiguous phrases, but will read the policy as a whole giving every clause some

meaning if it is reasonably able to do so. *Brugioni*, 382 S.W.2d at 712. When there are two or more possible interpretations of a contract, the court will construe provisions limiting coverage against the insurer. *Id.* at 710. However, the court is not allowed to create an ambiguity or rewrite an unambiguous policy to enforce a preferred construction. *Rodriguez*, 808 S.W.2d at 382. Unambiguous policies should be enforced as written absent public policy or a statute which requires coverage. *Id.*

 American Family contends that the use of the terms "insured" and "insureds" renders the limits of liability section meaningless or ambiguous. On the other hand, Mazzocchio argues that the policy merely contains a typographical error and that the intended terms were "injured" or "injureds". In deciding this case, we are not required to speculate as to the intended meaning of the terms in question to determine whether the Windsor liability coverage for Pohlman's two vehicles stack to provide a total coverage in the amount of $50,000.00. The language of the antistacking clause as it applies to the limits of liability stated on the declaration page is clear: "We will pay no more than these maximums regardless of the number of vehicles described in the Declarations...." The limits of liability for bodily injury stated on the declaration page are $25,000.00 per person and $50,000.00 per accident. This court will not create an ambiguity where none exists. The trial court properly determined the maximum coverage for personal injury provided by the Windsor policy. American Family's first point is denied.

In its second point, American Family claims the trial court erred in finding the "right to consent" clause contained in Mazzocchio's American Family policy invalid and unenforceable. American Family believes it was prejudiced by Mazzocchio's settlement with Pohlman and Windsor. "Right to consent" clauses are designed to prevent the insured from entering into a settlement agreement which will impair the insurer's right to subrogation. *Tegtmeyer v. Snellen*, 791 S.W.2d 737, 740 (Mo.App.1990). Generally, these clauses will be upheld "unless consent is unreasonably withheld." *Id.* (cita-

tion omitted). Because the settlement agreement in this case was for $25,000.00, the maximum coverage provided under the Windsor policy, American Family was not prejudiced. *See Id.* American Family's second point is denied.

The judgment is affirmed.

GRIMM and CARL R. GAERTNER, JJ., concur.