**Teresa ROGERS and Michael Rogers, Appellants,**

v.

**FRANK C. MITCHELL COMPANY, Respondent.**

No. 67750.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 31, 1995.

Thomas M. Lang, Clayton, for appellants.

Joseph H. Mueller, St. Louis, for respondent.

RHODES, Judge.

Teresa and Michael Rogers ("Plaintiffs") appeal the granting of summary judgment in favor of Frank C. Mitchell Company ("Defendant") on their claim for personal injuries. Teresa Rogers was injured when a tree, located near a water line Defendant installed, fell on her while driving her car. We reverse and remand.

Defendant entered into a contract with the City of Valley Park ("City") for the construction of a ten inch water line through the City. The specifications given to Defendant called for the water line to be installed across the subject property, near a large oak tree. In November 1988, Defendant dug a trench across the subject property approximately 4 to 5 feet deep, 2 feet wide, and 7.5 feet from the base of a large, 48 inch diameter, oak tree. The water line was put in the trench and the trench was covered. On December 22, 1989, the City authorized a final payment for the completed project.

On March 27, 1991, during a storm, Teresa Rogers was driving her car on Meramec Station Road when the large oak tree located on the subject property fell down across her

vehicle causing her to be rendered a quadriplegic. Plaintiffs brought a negligence suit against both Defendant and Campbell Design Group, Inc.[1] In their petition, Plaintiffs alleged that Defendant was negligent when it performed excavation work near the tree in that the excavation cut several of the tree roots, weakening its support structure, and ultimately causing the tree to fall.

On November 15, 1994, Defendant filed a motion for summary judgment based upon the acceptance doctrine. The acceptance doctrine relieves contractors of liability towards third parties who are not a party to the contract after the owner has accepted the contractor's work. *Gruhalla v. George Moeller Construction Co.*, 391 S.W.2d 585, 597 (Mo.App.1965). Plaintiffs filed a response to the motion which contended that there were genuine issues of dispute concerning whether the imminently dangerous exception to the acceptance doctrine applied. The response included affidavits from two city employees and an arborist. Simultaneously, Plaintiffs attempted to amend their petition. Instead of filing a motion to amend, however, they submitted a proposed order granting them leave to amend and filed their amended petition. That order was never signed by the judge. On December 16, 1994, Defendant's summary judgment motion was granted. On January 5, 1995, Plaintiffs filed a "Motion for New Trial or in the Alternative to Vacate, Reopen, Correct, Amend or Modify Summary Judgment and for Leave to File First Amended Petition." On January 25, 1995 the trial court denied the motion for new trial or, in the alternative, to vacate, reopen, correct, amend or modify summary judgment. The January 25, 1995 order also stated, "Leave never granted plaintiffs to file First Amended Petition." This appeal follows.

In their first point on appeal, Plaintiffs argue that the trial court erred in granting summary judgment. The standard of review for summary judgment cases is governed by *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.* 854 S.W.2d 371 (Mo. banc 1993). When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376. The propriety of summary judgment is purely an issue of law and as the trial court's judgment is founded on the record as submitted and on the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* Summary judgment should only be maintained where facts are not in dispute so that the prevailing party can be determined as a matter of law. *Id.* .

Plaintiffs essentially concede that the work was accepted by the City and that this would normally preclude recovery. In their response to the summary judgment motion, however, they argue that this case falls within the imminently dangerous exception to the accepted work doctrine.[2] This doctrine imposes liability on the contractor even after acceptance where (1) the defect is imminently dangerous to others, (2) the defect is so hidden that a reasonably careful inspection would not reveal it, and (3) the contractor knows of the defect, but the owner does not. *Gast v. Shell Oil Co.*, 819 S.W.2d 367, 370 (Mo. banc 1991).

In support of the first prong to the exception, Plaintiffs allege that the work done by Defendant was so negligent that it rendered the tree imminently dangerous to others. In support of their position, Plaintiffs point to the deposition of Frank DiPiano, the owner of the property where the tree was located, saying that tree roots were cut by Defendant while digging the trench. They also attached to their response an affidavit by Skip Kincaid, a tree consultant and arborist, stating that cutting roots of that size would create a

---

1. Campbell Design designed the specifications for the City. Campbell settled with the Plaintiffs and was dismissed from the suit.

2. Plaintiffs' response to the summary judgment motion was defective in a number of manners. Rule 74.04(c)(2) requires that the response specifically admit or deny movant's allegations in numbered paragraphs corresponding with the summary judgment motion. In the present case, Plaintiffs failed to do so. The response was also defective in that it attempted to incorporate by reference the affidavits. Despite these deficiencies, we will exercise our discretion and decide the matter on the merits. *Mathes v. Nolan*, 904 S.W.2d 353 (Mo.App.1995).

significant risk to others, which Defendant knew or should have known about.

The second prong to the exception, that the defects are so hidden and concealed that a reasonably careful inspection would not have disclosed them, is also disputed. Plaintiffs' affidavits from City employees stated that the trench Defendant dug was filled in prior to any on site inspection by the City. Therefore, Plaintiffs contend the condition was hidden so that a reasonably careful inspection would not reveal the cut tree roots.

Finally, Plaintiffs contend that the third prong, that the defects were known to Defendant but not to the City, is also in dispute as Plaintiffs allege that Defendant cut the tree roots. They produced an affidavit from a tree expert saying that contractors should have anticipated and foreseen the danger of cutting roots of that size. Plaintiffs' affidavit stated that the trench, where the roots were cut, was filled in prior to any city officials seeing it, so the condition was not visible during the inspection period.

Defendant contends that the imminently dangerous exception does not apply in this case. In *Gast*, the Missouri Supreme Court held that the imminently dangerous exception to the acceptance doctrine was inapplicable where the contractor performed the work in accordance with the owner's specifications, the owner had accepted the work, and there was no evidence that the owner relied on the contractor's expertise as to the proper design of the work performed. *Gast*, 819 S.W.2d at 370–71. In that case the owner of a gas station hired a contractor to convert a service bay into a secure cashiers room. A cashier was later shot to death in a robbery at the gas station. The parents of the cashier brought a wrongful death suit against the contractor. The Supreme Court reversed this court's holding that the case fell within the imminently dangerous exception to the acceptance doctrine. It found that the contractor had followed the owner's specifications when they installed a hollow door, and that while hanging the door to swing inward was not in accordance with the specifications, the non-compliance was obvious to the owner, who accepted despite the non-compliance.

This court applied the "contract specification" doctrine in *Bloemer v. Art Welding Co., Inc.*, 884 S.W.2d 55 (Mo.App.1994). In that case injured employees of a detergent manufacturer brought a products liability action against the manufacturer of a cyclone machine used to remove detergent particles from the air. It was undisputed that the defendant had fabricated and installed the cyclone machine precisely in accordance with the plans and specifications prepared by the plaintiffs' employer. The defendant manufacturer was not in the regular business of designing or manufacturing cyclones. This court held that the imminently dangerous exception was not applicable under those circumstances.

■ In the present case, although Defendant contends that it completed the project in accordance with contract specifications and that there was no evidence that the City was relying on its expertise as to the water line's design, the actual specifications are not found in the record on appeal. Defendant urges that the imminently dangerous exception does not apply. Unlike *Bloemer*, it is not clear from the record whether Defendant complied with the specifications prepared by Campbell Design or the City. Defendant's motion for summary judgment did allege that "Mitchell **began** construction of the water line, in accordance with the plans and specifications of the project. . . ." (emphasis ours). Nowhere, however, did Defendant establish that the project was completed in accordance with specific plans. Nor was Defendant's level of discretion in performing the work clear from the record.

Summary judgment is an extreme remedy and may be employed only where there are no genuine issues of fact and where the moving party is entitled to judgment as a matter of law. *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 385 (Mo. banc 1991). It is not the truth of these facts which matter, but whether the facts are disputed. *ITT*, 854 S.W.2d at 382. Questions of fact should be presented to the jury. We make no determination that Plaintiffs' allegations in their pleadings and affidavits are necessarily true, only that factual disputes between the parties exist. Based on

the record before us, we find that summary judgment was not proper as the record does not establish without dispute that Defendant complied with non-discretionary specifications of the City. Plaintiffs have adequately established that there are disputed issues of fact in this case. In so holding, we express no opinion on whether the imminently dangerous exception applies in this case.

Plaintiff's second and third points deal with the trial court's denial of leave to amend their petition. These points are moot given our disposal of point one.

Judgment is reversed and remanded.

SMITH, P.J., and GARY M. GAERTNER, J., concur.