ALLIED MUTUAL INSURANCE CO., Respondent,

v.

Kimberly BROWN, Appellant,

and

Dusty Ray and Brandy Ray, Defendants.

No. ED 82201.

Missouri Court of Appeals, Eastern District, Northern Division.

May 13, 2003.

---

Mark S. Wasinger, Hannibal, MO, for Appellant.

Michael P. McDonald, Jr., St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Allied Mutual Insurance Company (hereinafter, "Insurer") brought this declaratory judgment action, seeking relief from indemnifying the owners of a pack of dogs (hereinafter, "the Rays") under an insurance policy purchased by Sheila and Darrell Hoaglin (hereinafter, "the Hoaglins"), Ms Rays's parents. Insurer claimed the Rays and the Hoaglins formed distinct households. The trial court granted summary judgment in favor of Insurer. We affirm.

On April 21, 1991, Kimberly Brown (hereinafter, "Brown") was attacked by a pack of dogs while riding her mule down a gravel country road. She suffered significant injuries from the attack and sought to be compensated from the Rays, the Hoaglins, and Insurer. The Rays sought to invoke coverage under an insurance policy issued by Insurer to the Hoaglins, insuring two dwellings on their property and household members.

Insurer filed its motion for summary judgment, claiming the Rays were not covered by the Hoaglins' insurance policy because the Rays were not household members. In support of its motion, Insurer filed depositions of Brown, Sheila Hoaglin, and an affidavit by Brandi Ray. Included in the depositions and affidavit were statements that, *inter alia*, neither Sheila Hoaglin nor Brand Ray thought the Rays were covered by the insurance policy at issue in this case. Further, the Rays paid for all of their utilities, purchased and prepared food in their home, slept in their home, and lived approximately two-tenths of a mile away from the Hoaglins.

In response to Insurer's motion, the Rays did not file any additional exhibits, but merely reinterpreted the statements presented in the depositions and affidavit put forth by Insurer. The trial court

granted summary judgment in favor of Insurer; the Rays appeal.

The Rays claim the trial court erred in declaring they were not covered under the liability insurance policy issued by Insurer to the Hoaglins because at a minimum there were genuine issues of material fact with regard to whether the Rays and the Hoaglins were integrated sufficiently to constitute one "household" for purposes of insurance coverage. We disagree.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord the party against whom summary judgment was entered the benefit of every doubt. *Green v. Washington University Medical Center*, 761 S.W.2d 688, 689 (Mo. App. E.D.1988). Summary judgment is intended to move the parties beyond the petition's allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, employs the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law. Following the moving party's prima facie showing, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e). A party may not avoid summary judgment by introducing inconsistent testimony in order to create a genuine issue of material fact. *Kellog v. Kellog*, 989 S.W.2d 681, 687 (Mo. App. E.D.1999).

"The interpretation of an insurance contract is a question of law." *Clark v. American Family Mut. Ins. Co.*, 92 S.W.3d 198, 200 (Mo.App. E.D.2002). If the issue to be resolved is construction of a contract that is unambiguous, summary judgment is appropriate. *Id.* Both the Eastern District and the Western District recognize that the term "household" is not ambiguous. *Watt by Watt v. Mittelstadt*, 690 S.W.2d 807, 816 (Mo.App. W.D.1985); *Cameron Mut. Ins. Co. v. Marler*, 926 S.W.2d 62, 64 (Mo.App. E.D.1996). For the purposes of insurance policies, a "household" has been defined as:

> a collection of persons, whether related by consanguinity or affinity or not related at all but who live or reside together as a single group or unit which is of a permanent and domestic character, with one head, under one roof or within a single curtilage; who have a common subsistence and who direct their attention toward a common goal consisting of their mutual interest and happiness.

*Mittelstadt*, 690 S.W.2d at 816; *Marler*, 926 S.W.2d at 64. This Court recognizes that with the evolution of familial units, the definition of "household" must be adjusted to include households wherein there are one or more persons in authority.

In the instant case, when viewing the record in the light most favorable to the Rays, it appears there was a slightly increased level of interaction between the Rays and the Hoaglins due to their close physical proximity rather than the integration of their familial units. However, there was no affirmative demonstration by the Rays elucidating their contention they

were a single unified household. Both families operated financially and socially independent of each other. They did not share in a unified common goal consisting of their mutual interest. Further, there were representations in which the Hoaglins attempted, but were unable to curb, actions by the Rays which were financially detrimental to the Hoaglins. This is not the behavior of a unified household.

Since no genuine issue of material fact exists regarding liability coverage under the Hoaglins' insurance policy, the trial court did not err in granting summary judgment to Insurer. The judgment is affirmed.

Lawrence E. Mooney, C.J., and Booker T. Shaw, J., concur.