Keith WEBER, Appellant,

v.

McBRIDE & SON CONTRACTING, CO., and Laramie Drywall Co., Respondents.

No. ED 86076.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 13, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 2006.

Application for Transfer Denied Feb. 28, 2006.

David C. Knieriem, Clayton, MO, Ryan R. Cox, St. Charles, MO, for appellant.

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, MO, for McBride & Son Co.

John F. Cooney, Kevin E. Meyers, Baker Sterchi Cowden & Rice, L.L.C., St. Louis, MO, for Laramie Drywall Co.

KENNETH M. ROMINES, Judge.

Plaintiff–Appellant Keith Weber ("Weber") appeals from the decision of the trial court granting Defendant–Respondent McBride & Son Contracting Company's (McBride) and Laramie Drywall Company's (Laramie) motions for summary judgment. We affirm.

We consider the record from an appeal of summary judgment in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (hereinafter "*ITT*"). Facts established by affidavit or other proof in support of a party's motion are taken as true unless contradicted by the non-moving party's re-

sponse to the summary judgment motion. *Id.* We accord the non-moving party the benefit of all reasonable inferences from the record below. *Id.* The propriety of summary judgment is purely an issue of law, and our review is *de novo. Id.*

The essential facts, by way of motion for summary judgment, before the trial Court are clear: Weber was working as a painter, for a painting contractor, on an unfinished single-family residence when he fell through a hole in the floor which had been cut for a stairwell. At the time of the fall the residence was owned by the general contractor Vantage Home, Inc. (Vantage) who is not before the Court. McBride and Laramie were sub-contractors on the job but had finished their respective specialties and had turned the residence over to Vantage who had accepted McBride and Laramies work as complete.

The record before the trial Court further showed that on the day of the fall Weber and a co-worker were the only people in the residence, that Weber had inspected the house and seen the unbarricaded hole and warned his co-worker of what was an open and obvious peril. The record shows no attempt by Weber to contact Vantage to have a barricade placed around the hole, or any attempt by Weber or his co-worker to cover the hole themselves.

The record further before the Court showed that McBride had cut the hole in the sub floor and constructed a railing around the hole. McBride was never informed by Vantage or Laramie that the railing had been removed.

Weber filed a two count petition in Count I alleging that either McBride or Laramie, or both were negligent in regard to the hole relying on *res ipsa loquitur.* By Count II Weber sought relief against McBride, only, for negligent design of the barricade.

After discovery McBride filed a motion for summary judgment specifically claiming judgment as a matter of law arguing it had negated essential elements of both Counts of Weber's petition. Laramie sought summary judgment as to Count I alleging that the application of *res ipsa loquitur* was inappropriate in this case. Both McBride and Laramie relied on the acceptance doctrine before the trial Court. The trial Court granted summary judgment as to both McBride and Laramie.

▇ The clear standard regarding summary judgment is stated as "... the key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question ..." *ITT,* 854 S.W.2d at 380. As the trial Court below correctly concluded Weber cannot show that either McBride or Laramie owed Weber a *duty* in regard to the unbarricaded hole. Neither McBride nor Laramie can be held liable for Weber's injuries as a matter of law as the Courts of this state have repeatedly recognized that acceptance by the general contractor of a sub-contractors work relieves the sub-contractor of liability as to a third person.

Appellant Weber candidly acknowledges this doctrine in his brief and asks us to overturn a long line of Missouri cases on the basis of one cited Oregon case, and the argument that Missouri is in the minority of states in regard to application of the doctrine. We decline the invitation.

Since at least 1905 Missouri, in this one area of its negligence jurisprudence, has applied the principle that acceptance of work by a general contractor (or owner) relieves the sub-contractors from liability.

The principle involved, and the policy at issue, has changed little since articulated by the Western District of this Court in 1905 as follows:

"... [b]y occupying and resuming possession of the work, the owner deprives the [sub] contractor of all opportunity to rectify the wrong. Before accepting the work as being in full compliance with the terms of the contract, he is presumed, to have made a reasonably careful inspection thereof, and to know of its defects, and, if he takes it in defective condition he accepts the defects and the negligence that caused them as his own, and hereafter stands forth as their author." *Casey v. Hoover*, 114 Mo.App. 47, 89 S.W. 330, 334 (1905).

A cursory examination of cases show the doctrines validity today, albeit, not described in language as colorful as in *Casey*, id. Recent cases include: *Fisher v. State Highway Commission*, 948 S.W.2d 607 (Mo. banc 1997); *Gast v. Shell Oil*, 819 S.W.2d 367 (Mo. banc 1991); *Becker v. Setien*, 904 S.W.2d 338 (Mo.App. W.D. 1995); *Coleman v. City of Kansas City*, 859 S.W.2d 141 (Mo.App. W.D.1993); *Bloemer v. Art Welding*, 884 S.W.2d 55 (Mo.App. E.D.1994); and *Rogers v. Frank C. Mitchell Co.*, 908 S.W.2d 387 (Mo.App. E.D.1995).

The record contains clear evidence that neither McBride nor Laramie had control of the residential construction at issue—as such both McBride and Laramie were due judgment as a matter of law as to Count I and the trial Courts analysis in this regard was correct. Simply, consistent with the acceptance doctrine McBride owed Weber no duty as to Count I or Count II, and Laramie owed no duty as to Weber as to Count I, the doctrine is a complete defense.[1]

Reliance on *res ipsa loquitur* by Weber is no panacea. In this area of the law *res ipsa loquitur* does not overcome the acceptance doctrine as a complete defense. A cursory examination of what *res ipsa loquitur* is and when it has efficacy is instructive. Clearly, *res ipsa loquitur* is a rule of *evidence*. *Weaks v. Rupp*, 966 S.W.2d 387, 393 (Mo.App. W.D.1998). The rule allows a jury to infer negligence when three elements combine: (1) the incident normally does not occur without negligence; (2) and, the incident was caused by an instrumentality under the control of the defendant; (3) and, the defendant has superior knowledge about the cause of the incident. *Id.* at 393–94. Interestingly, both the acceptance doctrine and *res ipsa loquitur* have at their core *control by the defendant*. As is clear on this record neither McBride nor Laramie had *control*; no control, no application of *res ipsa loquitur*, which would but shift an evidentiary burden not create a *duty*. The effect of the acceptance doctrine is to make no inquiry as to whether the defendant is "negligent", the doctrine simply says once control is no longer in the defendants hands the defendant owes no duty as to negligence.

The trial Court correctly granted summary judgment, Judgment Affirmed.

GARY M. GAERTNER, SR., P.J., concurs.

GEORGE W. DRAPER III, J., dissents in separate opinion.

GEORGE W. DRAPER III, Judge, dissenting.

I respectfully dissent from the majority opinion. I would vote to reverse the judgment of the trial court for the following reasons.

Great care should be exercised in utilizing summary judgment because it denies the party against whom it is entered a day in court. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 377 (Mo. banc 1993)(*quot-*

---

1. We express no opinion as to the liability, if any, of Vantage Homes.

*ing Cooper v. Finke,* 376 S.W.2d 225, 229 (Mo.1964)); *Hart v. Kupper Parker Communications, Inc.,* 114 S.W.3d 342, 345 (Mo.App. E.D.2003). Accordingly, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT,* 854 S.W.2d at 376. We accord the party against whom summary judgment was entered the benefit of every doubt. *Allied Mut. Ins. Co. v. Brown,* 105 S.W.3d 543, 545 (Mo.App. E.D.2003). "Summary judgment exists not to execute the merely weak, but rather to euthanize the terminally ill." *Zumwalt v. Koreckij,* 24 S.W.3d 166, 168 (Mo.App. E.D.2000).

Following my review of the record in the light most favorable to Weber, I would conclude the trial court erred in granting summary judgment for McBride and Son Contracting Co., Inc. and Laramie Drywall Co., Inc. (hereinafter and collectively, "Defendant"). The trial court thereby prevented Weber from submitting his personal injury claim to the jury under the doctrine of res ipsa loquitur.

Res ipsa loquitur is a rule of evidence, allowing "a jury to infer from circumstantial evidence that the plaintiff's injury resulted from some negligent act of the defendant, without requiring the plaintiff to allege and prove specific negligence." *Hale ex rel. Hale v. City of Jefferson,* 6 S.W.3d 187, 196 (Mo.App. W.D.1999). In order to invoke the doctrine of res ipsa loquitur, Weber must establish: "(1) the incident resulting in injury is of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the incident." *Logan v. Phillips,* 896 S.W.2d 38, 41 (Mo.App. E.D.1994). "A party seeking to apply the doctrine of res ipsa loquitur need not submit facts surrounding the occurrence that exclude all reasonable hypotheses except defendant's negligence." *Eversole v. Woods Acquisition, Inc.,* 135 S.W.3d 425, 428 (Mo.App. W.D.2004).

Weber's injuries are those which ordinarily would not occur absent negligence by Defendant's failure to secure the protective barrier over the hole. There was undisputed evidence that it was not the responsibility of the painters to create or secure a protective barrier on a construction site. Weber submitted enough facts to conclude, more often than not, an accident such as this resulted from a failure to exercise reasonable care on the part of the person in charge of securing the protective barrier.

There were genuine issues demonstrating that both subcontractors were responsible for securing a protective barrier over the hole in the floor.[1] "If the instrumentality causing the harm is under the control of the defendant contractor and the plaintiff is injured while in a work area common to employees, the defendant owes a duty of care to avoid causing such injury." *Mino v. Porter Roofing Co., Inc.,* 785 S.W.2d 558, 561 (Mo.App. W.D.1990). There was disputed evidence regarding whether the general contractor accepted either subcontractors' work. The instrumentalities were under control of Defendant's management.

Further, Defendant possesses a superior knowledge regarding the cause of the injury. "Superior knowledge can be inferred when a defendant exercises exclusive control over the instrumentality at issue."

---

1. There can be no valid objection to the application of res ipsa loquitur based solely upon the existence of two defendants. The jury could reasonably find that either or both of the defendants were in control of the area which should have been secured, so as to make the application of res ipsa loquitur proper. *Bass v. Nooney Co.,* 646 S.W.2d 765, 768 (Mo. banc 1983).

*Eversole,* 135 S.W.3d at 429. "The requirement that the instrumentality be under the management and control of the defendant does not mean, nor is not limited to, actual physical control, but refers rather to the *right of control at the time the negligence was committed."* *Weaks v. Rupp,* 966 S.W.2d 387, 394–95 (Mo.App. W.D.1998)(emphasis added).[2] "However, when the evidence of control is attenuated by time or circumstance, there must be additional evidence to show the defendant has superior information, experience, or opportunity to know about the cause of the alleged occurrence." *Eversole,* 135 S.W.3d at 429. In this case both subcontractors had the duty to construct and/or replace a protective barrier over the hole in the floor prior to finishing their work. Accordingly, both subcontractors have superior experience and opportunity to know that without a protective barrier on a construction site, someone could fall through a hole in the floor. Thus, Weber made a submissible res ipsa loquitur case.

When a plaintiff establishes the elements of res ipsa loquitur, an inference of negligence by the defendant is created. *Zumwalt,* 24 S.W.3d at 168. "Once the inference of negligence created by res ipsa loquitur is established, it 'will defeat a motion for summary judgment even though the defendant presents evidence tending to establish absence of negligence.'" *Id.* at 169 (*quoting Graham v. Thompson,* 854 S.W.2d 797, 801 (Mo.App. W.D.1993)).

Thus, I believe, Weber should be granted his day in court. I would vote to reverse the judgment of the trial court.

---

**2.** Further, it is unclear as to whether either subcontractors' work was accepted formally by the general contractor; thus, each potentially could have had the right of control at the time of the accident.