# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1622

_____

| | | |
|---|---|---|
| Kenneth Freeman, | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the |
| | * | Western District of Missouri. |
| v. | * | |
| | * | |
| State Farm Mutual Automobile | * | |
| Insurance Company, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 15, 2005
Filed: January 31, 2006

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

State Farm Mutual Automobile Insurance Company brought a diversity suit against Kenneth Lee Freeman, to declare that its household exclusion clause applied to the accident that resulted in the death of his son. After submission of the case on briefs to the judge, the district court[1] ruled for State Farm. Freeman appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

## I.

Freeman's son, Dallas, died in an accident while riding in a car driven by his mother, Melinda Ilene Elam. Elam and her children were moving from Kansas City, Kansas, to Mountain Grove, Missouri. Although the car was owned by Elam's sister and father, she was the permissive user of the vehicle insured by State Farm.

Elam and Freeman had joint custody of Dallas, who lived with both his father and mother, with a room in each home.

State Farm claims that the household exclusion limits their liability to $25,000, rather than the $100,000 limit in the policy. *See Halpin v. Am. Family Mut. Ins. Co.,* 823 S.W.2d 479, 480-81 (Mo. banc 1992)(§ 303.025 RSMo invalidates a household exclusion up to the statutory $25,000). Freeman counters that the exclusion does not apply because Elam and Dallas were in the process of moving at the time of the accident. The district court also entered a default judgment against Elam, because she refused to appear or answer the complaint against her.

## II.

In this diversity case, Missouri substantive law governs. *See Horn v. B.A.S.S.*, 92 F.3d 609, 611 (8th Cir. 1996). This court reviews de novo the district court's interpretation of Missouri law. *See Empire Bank v. Fidelity & Deposit Co. of Md.*, 27 F.3d 333, 335 (8th Cir. 1994). The district court's interpretation of the insurance contract is reviewed de novo. *See St. Paul Fire & Marine Ins. Co. v. Mo. United Sch. Ins. Council*, 98 F.3d 343, 345 (8th Cir. 1996).

A.

The household exclusion clause states:

> There is no coverage...for any bodily injury to...any insured or any member of an insured's family residing in an insured's household to the extent the limits of liability of this policy exceed the limits of liability required by law.

Freeman believes this clause is ambiguous, based on the terms "residing" and "household." Exclusionary clauses in insurance contracts are strictly construed. *See Cas. Indem. Exch. v. City of Sparta*, 997 S.W.2d 545, 548 (Mo. App. 1999). "If the language is ambiguous it will be construed against the insurer." *Robin v. Blue Cross Hosp. Service, Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982). If the policy language is not ambiguous, "the court cannot construe it but must enforce the express terms of the policy as it is written." *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. banc 1991).

"The decision as to whether a policy is ambiguous is a question of law." *Gen. Am. Life Ins. Co. v. Barrett*, 847 S.W.2d 125, 131 (Mo. App. 1993). "It is the court's province to determine whether the policy is ambiguous, and merely because the parties disagree does not create an ambiguity." *Sanders v. Wallace*, 884 S.W.2d 300, 302 (Mo. App. 1994). An insurance policy is ambiguous if there "is duplicity, indistinctness, or uncertainty in the meaning of words used in the contract." *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992).

Freeman asserts that the terms "residing" and "household" are ambiguous because Elam and Dallas were in the process of moving from one dwelling place to another, and were not *residents* of a specific (physical) *household*. True, Missouri Courts have stated that a household includes people that live "in a home" or under "one roof" or the "same roof." *See, e.g., **Liberty Mut. Ins. Co. v. Havner***, 103 S.W.3d 829, 832-33 (Mo. App. 2003); ***Cameron Mut. Ins. Co. v. Marler***, 926 S.W.2d 62, 64 (Mo. App. 1996); ***Watt ex rel. Watt v. Mittelstadt***, 690 S.W.2d 807, 815-16 (Mo. App. 1985); ***Auto. Club Inter-Ins. Exch.  v. Tonkins***, 509 S.W.2d 802, 805 (Mo. App. 1974); ***Mission Ins. Co. v. Ward***, 487 S.W.2d 449, 451 (Mo. banc 1972). However, the Missouri courts do not intend that these phrases define all households, but rather that they describe common characteristics of households. The rule of broad construction of insurance contracts does not require a tortured meaning of the plain words "residing" and "household." *See **Shahan v. Shahan***, 988 S.W.2d 529, 535 n.2 (Mo. banc 1999).

The Missouri Supreme Court has twice held that the very language of this clause is unambiguous. *See **id.*** at 535-36; ***State Farm Mut. Auto. Ins. Co. v. Ballmer***, 899 S.W.2d 523, 525-26 (Mo. banc 1995). Because the household exclusion clause is clear, the district court properly applied the policy as written. *See **Childers v. State Farm Fire & Cas. Co.***, 799 S.W.2d 138, 140 (Mo. App. 1990).

The district court made findings that Elam and Dallas resided in the same household. Those findings of fact are not clearly erroneous. *See* **Fed. R. Civ. P. 52(a)**. This court affirms the district court's ruling that the household exclusion clause applies in this case.

B.

Freeman also objects to the district court's default judgment against Elam, claiming the court should have conducted a hearing on whether she was rendered mentally incompetent by the accident. A default judgment cannot be entered against an incompetent person (unless represented by a guardian, conservator, or other representative). *See* **Fed. R. Civ. P. 55(b)(2)**. This Court reviews the entry of a default judgment for an abuse of discretion. *See Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001).

Although the district court chose not to conduct formal hearings to determine Elam's competency, it exercised caution in entering the default judgment. First, the court issued an order instructing both parties to file status reports on the mental condition of Elam following her deposition in this case. Considering these reports, and Elam's deposition, the court directed her to answer the complaint. After she did nothing, the court eventually entered a default judgment against her.[2]

Freeman also asserts that the default judgment is not final because the Clerk entered it against Elam. This argument is without merit. The court, in its order of January 20, 2005, directed the judgment to be issued. Although the Clerk entered it (exactly as ordered), she did so at the court's direction under Rule 55(b)(2).

Because the district court did not abuse its discretion, this court affirms the default judgment.

---

[2]No guardian, conservator, or other representative had been appointed for Elam.

## III.

The judgment of the district court is affirmed.

_____