George W. HUTCHINS, Appellant,

v.

SOUTHVIEW GOLF CLUB, INC., a Corporation, Respondent.

No. 23201.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Rope, Shanberg & Rope, Arnold N. Shanberg, Herbert M. Rope, Jack L. Eisen, Kansas City, for appellant.

Hogsett, Houts, James, Randall & Hogsett, Thad C. McCanse, Kansas City, for respondent.

BROADDUS, Judge.

We adopt, as does respondent, appellant's statement of the facts here involved. Said statement is as follows:

"The within cause is an action for damages. On October 28, 1959, Appellant instituted the action by filing his petition alleging that the defendant was a corporation operating a public golf course in Jackson County, Missouri, and that it offered three-wheel golf carts for rent in order to transport patrons on its course; that on or about June 27, 1959, the plaintiff, for a monetary consideration, became a business invitee upon said course and rented a cart for the purpose aforesaid. The petition

further states that immediately thereafter, while embarking upon the use of such cart, the front wheel support, fork or shaft thereof, which was concealed and covered, suddenly and violently broke and collapsed without notice, causing the cart to stop suddenly and causing plaintiff to be hurled over the front of said cart, causing him to sustain the injuries alleged. The nature and extent of the injuries are not an issue for the purpose of the within appeal.

"Said petition further recited that the golf cart and the covered and concealed mechanical parts, including the front wheel support were in the sole possession, custody and control, or right of control of the defendant and that the plaintiff relied upon the defendant for its maintenance, care and inspection and that he had no control or knowledge or means of knowledge of the cart or its covered mechanical parts.

"On December 2, 1959, defendant filed its Motion to Make More Definite and Certain, seeking to have the plaintiff state who was driving the cart at the time of the alleged accident and further seeking that plaintiff state specifically in what manner the defendant was negligent. On January 26, 1960, said motion was sustained and plaintiff was granted fifteen days to plead.

"On February 1, 1960, plaintiff filed his First Amended Petition in substantially the form of the original petition except that the same set forth that plaintiff was driving the cart at the time of the accident and that the accident occurred on the first fairway and within 500 yards from the place of the delivery of the cart.

"On February 11, 1960, defendant filed its Motion to Strike the First Amended Petition and for Dismissal on the basis that Plaintiff had not complied with the Court's former order to make more definite and certain. Thereafter, on February 29, 1960, said motion was sustained and Plaintiff's first amended petition was ordered dismissed without prejudice at plaintiff's costs and execution issued therefor. Plaintiff has appealed."

■ Inasmuch as the trial court dismissed plaintiff's *action* this is a judgment from which plaintiff has a right to appeal. Douglas v. Thompson, Mo.Sup., 286 S.W. 2d 833.

■ The question here presented is whether or not under the facts pleaded plaintiff-appellant is entitled to the benefit of the *res ipsa loquitur* doctrine. It cannot be denied that a motion to make a petition more definite and certain should be sustained where the petition pleads general negligence, and the *res ipsa loquitur* doctrine does not apply. Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654.

■ One of the necessary elements in a *res ipsa loquitur* case is that the thing causing the injury must be under the control of the defendant at the time of the injury. Maybach v. Falstaff Brewing Corporation et al., 359 Mo. 446, 222 S.W.2d 87; Hall v. Lewis, 364 Mo. 1096, 272 S.W.2d 260, 261. Therefore, if plaintiff's first amended petition does not state facts which show that defendant had control or right of control at the time the injury occurred, the doctrine of *res ipsa loquitur* will not apply.

■ Here, instead of the petition demonstrating control on the part of defendant, it shows that control was actually in the hands of plaintiff at the time of the occurrence. The facts alleged are that plaintiff rented the cart and drove it from the place of delivery out onto the golf course. The casualty occurred within 500 yards from where plaintiff obtained the cart. Plaintiff's petition is silent as to how long he was in possession of said golf cart, but it is clear that he was driving it at the time that the fork or the shaft broke.

We quote the following from the Maybach case, supra [359 Mo. 446, 222 S.W.2d 90].

"An essential element of the *res ipsa* doctrine is that proof of the occurrence and

attendant circumstances shall point, prima facie, to negligence on the part of the defendant. Such proof cannot, without further proof, point to the negligence of a defendant who is entirely out of control of the instrumentality at the time it causes the injury. Such proof may tend to indicate negligence on the part of *some one*, but further proof is necessary to definitely fix the blame on the defendant by excluding causes for which he is not responsible."

In the Hall case, supra, defendant drove his car into an automatic car washing establishment, stopped and left the motor running. He got out of the car and as a passenger was getting out the car lurched forward, breaking plaintiff's leg. It was held that defendant surrendered control of the car when he drove it into the car washing establishment. The court put the question this way: "Was plaintiff entitled to submit his case under the *res ipsa loquitur* doctrine? We think not. One of the basic elements of the *res ipsa loquitur* doctrine is that the instrumentality causing the injury must be under the control of the defendant." There is no need to set forth the many additional cases to the same effect.

The judgment is affirmed.

All concur.