**James ANDERTON, Plaintiff Appellant,**

v.

**William DOWNS, Defendant Respondent.**

**No. 25129.**

Kansas City Court of Appeals,
Missouri.

Oct. 5, 1970.

Claude McFarland, Kansas City, for plaintiff-appellant.

Rufus Burris, Independence, for defendant-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal by plaintiff, James Anderton, from an adverse judgment on a claim for damages on account of loss by fire of a ripened wheat crop in the field. The fire was claimed to have been caused by negligence of the defendant, William Downs, causing a fire to be communicated to the wheat field from a motor truck owned by defendant.

A jury was waived and the case tried to the court on plaintiff's third amended petition which was in two counts. The first count was based on the *res ipsa loquitur* doctrine. The second count alleged specific negligence. The court sustained defendant's motion to dismiss Count I, and to strike that portion of Count II seeking interest.

The grounds of negligence set forth in Count II are (1) The electrical wiring and ignition system in the truck was in a defective condition and was known to have been in such defective condition by defendant when he delivered the truck to the field of plaintiff and that it was likely to cause a fire. (2) That defendant knew of such defective condition and failed to repair the same and continued to use said truck and was using it at the time of the occurrence mentioned herein. (3) That the exhaust and muffler from the motor of said truck were defective and worn and that it was in such condition of repair so as to permit sparks to be emitted therefrom while said truck was in operation, and (4) That although the defendant knew of the defective condition he failed to warn plaintiff and his employees of the unsafe condition of the truck.

The trial court made findings of fact and conclusions of law. Those findings clearly recite the facts as disclosed by the transcript. They are as follows:

"The Court makes the following Findings of Fact:

1. That on June 26, 1953, plaintiff, James Anderton, was the tenant of John Schuster, owner of an eighty acre tract of land near Levasy, Missouri, in the northeast part of Jackson County, Missouri. There was on that date a growing crop of wheat which was being harvested.

2. That plaintiff, James Anderton, was entitled to a three-fifth's interest in said crop, as tenant, and that John Schuster was entitled to two-fifth's interest in said crop, as landlord.

3. That on June 26, 1953, plaintiff arranged for the hire of defendant, William Downs, and his Ford Truck, which was equipped with a grain bed, to receive the harvested wheat from the above mentioned field and to transport it to a grain elevator.

4. That about 10:00 a. m. on June 26, 1953, defendant brought his truck to the roadway on the edge of the wheat field. That upon arrival at said field, defendant orally told the plaintiff's employees to move the truck into the wheat field and use it as required, and he would return in time to drive the truck from the field to the grain elevator where the wheat was to be delivered.

5. That thereafter the employee of plaintiff drove the truck from the roadway into the field a distance of approximately 300 yards. That it remained there and had received four dumpings of wheat from the combine, each dumping being about 50 bushels, or a total of 200 bushels. About noon the employee for the second time moved said truck a distance of about 100 yards.

6. That during the one hundred yard move there was no backfire, explosion, or any malfunction of the truck, and there had been none during the first move of four hundred yards. At the end of the second movement of the truck when the driver Tom Anderton, alighted from the cab of the truck he discovered a strip about 40 yards in length along the path the truck had taken that was on fire. There was a gap of about 40 yards with no fire, and than a fire again was burning along the path up to the truck. There was fire at the front of the truck which extended out from the front of the truck. The driver got a pail of water but could not stop the fire which was then extending out from the front of the truck and to the sides.

7. That immediately efforts were made by the employees of plaintiff to save a part of the wheat field from the fire, and with the help of neighbors and others 40 acres were saved from burning. An area

of 35 acres on which matured wheat was growing was burned and completely destroyed. All of the combustible parts of the truck were burned and it was a total loss.

8. A few days before June 26, 1953, while defendant was driving the truck in Kansas City, it caught fire from some cause not established by the evidence. The fire on that occasion had burned his wife's stockings off. At that time the Kansas City Fire Department came to the scene and extinguished the fire, and the truck was taken to a motor repair firm in Independence for repairs. No repairs were made by that firm, but defendant repaired or attempted to repair the truck himself. There was no further fire involving the truck until it was burned on the date of the occurrence out of which this claim arose.

9. That the defendant did not inform the plaintiff or any of plaintiff's employees of the fire which had occurred on the occasion in Kansas City and neither plaintiff nor his employees at the field had any knowledge of such a fire or occurrence before June 26, 1953.

10. There is no evidence from which the cause of the fire of June 26, 1953, can be determined."

## "CONCLUSIONS OF LAW

"The Court makes the following conclusions of Law:

1. Plaintiff failed to carry the burden of proof in that he failed to establish the cause of the fire.

2. There was no proof of any negligence of defendant as alleged in plaintiff's petition.

3. The defendant is not liable to the plaintiff.

4. The *res ipsa loquitur* theory pleaded as Count I of plaintiff's petition is not applicable and the Court adheres to its former rulings with respect thereto."

This case having been tried to the court without a jury, we are required to review the case upon both the law and the evidence as in suits of an equitable nature. However, the judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(d) V.A.M.R.

Plaintiff's first contention is that the trial court erred in holding that the *res ipsa loquitur* theory pleaded in Count I of his petition is not applicable.

The law of this state, as stated by our Supreme Court in the case of Craddock v. Greenberg Mercantile, Inc., 297 S.W.2d 541, 547, is that:

"The mere occurrence of a fire does not prove, or raise a presumption of, negligence. Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692; Hendricks v. Weaver, Mo., 183 S.W.2d 74. Likewise, the mere occurrence of a fire raises no presumption as to its cause, generally. Consequently, the burden was upon the plaintiff here to prove the specific negligence alleged * * *."

■ Another reason why the court's ruling was correct is that defendant was not in control of the truck at the time of the fire. The evidence is undisputed that on the morning of the day the fire took place the defendant drove his truck to the field and "left it sitting at the edge of the road—right at the edge of the field." He told plaintiff's employee "that he was going to town and would be back shortly and for us to go ahead and use the truck." Defendant was not present when the fire occurred.

In the case of Hutchins v. Southside Golf Club, Inc., Mo.App., 343 S.W.2d 223, 224, 225, the trial court dismissed plaintiff's petition which was based upon the *res ipsa loquitur* doctrine. In upholding the action of the trial court we said:

"One of the necessary elements of a *res ipsa loquitur* case is that the thing causing

the injury must be under the control of the defendant at the time of the injury. Maybach v. Falstaff Brewing Corporation, et al., 359 Mo. 446, 222 S.W.2d 87; Hall v. Lewis, 364 Mo. 1096, 272 S.W. 260, 261.

"We quote the following from the Maybach case, supra: 'An essential element of the *res ipsa* doctrine is that proof of the occurrence and attendant circumstances shall point *prima facie,* to negligence on the part of the defendant. Such proof cannot, without further proof, point to the negligence of a defendant who is entirely out of control of the instrumentality at the time it causes the injury.'

"In the Hall case, supra, defendant drove his car into an automatic car washing establishment, stopped and left the motor running. He got out of the car and as a passenger was getting out the car lurched forward, breaking plaintiff's leg. It was held that defendant surrendered control of the car when he drove it into the car wash establishment. The court put the question this way: 'Was plaintiff entitled to submit his case under the *res ipsa loquitur* doctrine? We think not. One of the basic elements of the *res ipsa loquitur* doctrine is that the instrumentality causing the injury must be under the control of the defendant'. There is no need to set forth the many additional cases to the same effect."

Here, instead of the evidence demonstrating control on the part of the defendant it shows that control was actually in the hands of plaintiff at the time of the occurrence.

■ We also agree with the conclusion reached by the trial court that plaintiff failed to carry the burden of proof in that he failed to establish the cause of the fire, and (2) that there was no proof of any negligence of defendant as alleged in Count II of plaintiff's petition. A ruling to the contrary would be based upon mere conjecture and speculation. In any event we would not be justified in holding that the judgment was "clearly erroneous."

Your Special Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the court and the judgment is affirmed.

All concur.