**Laurence EPSTEIN, et al., Plaintiffs/Respondents/Cross–Appellants,**

v.

**VILLA DORADO CONDOMINIUM ASSOCIATION, INC., Defendant/Appellant/Cross–Respondent.**

**Nos. ED 96777, ED 96778.**

Missouri Court of Appeals, Eastern District, Division Two.

April 10, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2012.

Application for Transfer Denied Aug. 14, 2012.

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

Steve Koslovsky Steve Koslovsky, LLC, St. Louis, MO, for respondents.

Ira M. Berkowitz, Marvin J. Nodiff, Law Office of Marvin J. Nodiff, P.C., St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

The eighty-three plaintiffs are condominium unit owners in buildings without elevators in the multibuilding Villa Dorado Condominium. In their third amended petition seeking relief against defendant, Villa Dorado Condominium Association, plaintiffs sought a judgment declaring as void the assessments against them for the cost of elevator repairs, ancillary and injunctive relief, and attorney's fees. Defendant appeals from the entry of the judgment in plaintiffs' favor. Plaintiffs also appeal, asserting that the trial court erred in denying their pretrial motions to certify classes of the remaining unit owners. We reverse the judgment in plaintiffs' favor.

## STIPULATED FACTS

The case was submitted on the following stipulated facts:

1. Villa Dorado Condominium ("Condominium") is a residential community located in St. Louis County. It consists of 264 total units in 45 separate buildings. Of these approximately 264 units approximately 72 are located within 9 buildings equipped with elevators. The remaining approximately 192 units are located in buildings which do not have elevators.

2. A key is required to use the elevators from the basement/parking area to the first floor. No key is required for use of the elevators between the first floor and upper floors. Keys are only issued to owners of units in buildings with elevators.

3. The Condominium was created under and is subject to the Missouri Condominium Property Act and certain applicable provisions of the Missouri Uniform Condominium Act.

4. The Amended and Restated Condominium Declaration For The Villa Dorado Condominium Association, dated March 9, 1995, and recorded at Book 10475, Page 450 of the St. Louis County records, is attached hereto and incorporated by reference herein.

5. Plaintiffs are the owners of condominium units within Villa Dorado Condominiums.

6. Defendant Villa Dorado Condominium Association, Inc. is the unit owners association of the Condominium and is organized as a Missouri nonprofit corporation. It acts through its Board of Managers.

7. In April, 2008, the Board voted to undertake certain repairs to the elevators within the buildings described above. The repairs are a common expense. The estimated cost of these elevator repairs was $351,000.

8. In order to pay for these repairs, the Board voted to make a special assessment against all units within the Condominium including those within buildings not served by an elevator. This special assessment was made in April, 2008, in the following amounts:

| G–2 | 2 Bedroom Units | $1,145.00 |
| G–3 | 3 Bedroom Units | $1,395.00 |
| G–3E | 3 Bedroom (W/ elevator) Units | $1,479.00 |
| T–3 | 3 Bedroom Units | $1,494.00 |
| T–3R | 3 Bedroom Units | $1,589.00 |
| T–3R4 | 3 Bedroom Units | $1,653.00 |
| T–4 | 3 Bedroom Units | $1,770.00 |

9. These special assessments were made to Plaintiffs and their respective units.

## PROCEDURAL BACKGROUND

This appeal is from a judgment entered after remand in *Epstein v. Villa Dorado*

*Condominium Ass'n,* 316 S.W.3d 457 (Mo. App.2010). This litigation started when two named plaintiffs, who filed individually and as representatives of a class of certain condominium owners, obtained a judgment in 2009 declaring that the assessments for elevator repair were illegal, invalid, and void "as to all owners in buildings without elevators." *Id.* at 459. Defendant appealed from that judgment. We reversed, holding that all unit owners not served by elevators were indispensable parties and were required to have been joined as parties pursuant to section 527.110 RSMo (2000)[1] and Rule 87.04. *Id.* at 461. We remanded for the trial court to allow the plaintiffs an opportunity to join parties or to comply with the requirements for class certification. *Id.* at 461–462.

After remand, the two original plaintiffs filed a motion to certify a class of all current or former owners of condominium units that were not located in a building served by an elevator, but who were assessed for the cost of elevator repairs. The motion alleged that joinder was impractical because the class consisted of at least 200 persons. The trial court denied the motion to certify a class because it was "not impractical" to join all parties.

On October 14, 2010, the current plaintiffs, consisting of eighty-three of the condominium unit owners in buildings without elevators, filed a third amended petition. Plaintiffs thereafter filed a second motion to• certify a class of all owners of units within the condominium on the ground that any judgment rendered in the action would affect the rights of the owners of the remaining units. Plaintiffs subsequently amended their motion and sought an order certifying two defendant classes consisting of the remaining owners of units in buildings without elevators and the owners of units in buildings serviced by elevators. The court denied the motion as amended.

The case was heard by the trial court on the parties' amended stipulation of facts. The trial court found in plaintiffs' favor and declared that the assessments for elevator repairs were illegal, invalid, and void. It added:

> This judgment shall be limited to and binding on the parties named in this action only and shall not extend to other owners of units in Villa Dorado Condominiums not joined in this action. As to the named Plaintiffs, Defendant and its agents are hereby permanently enjoined from taking any further action to enforce said assessments, and are further ordered to refund any such assessments previously collected and to release any liens previously filed against any units owned by Plaintiffs.

The trial court also awarded plaintiffs $5,000 in statutory attorney's fees.

On appeal, defendant contends that the trial court erred in (1) declaring the assessments for the cost of elevator repairs against units in buildings that do not have elevators to be void; (2) entering judgment in plaintiffs' favor because all indispensable parties were not joined in this action; and (3) awarding attorney's fees to plaintiffs. For their cross-appeal, plaintiffs assert that the trial court erred in denying plaintiffs' motion to certify classes of the remaining unit owners because joinder of 300 individual unit owners was impracticable, and the proposed classes met all of the other requirements of Rule 52.08(a) and (b)(2).

## DISCUSSION

*Standard of Review*

We will affirm the trial court's judgment unless there is no substantial

---

1. All further statutory references will be to RSMo (2000).

evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Clampit v. Cambridge Phase II Corp.*, 884 S.W.2d 340, 345 (Mo.App.1994).

## I. *Allocation of Assessments for Cost of Elevator Repairs*

In its first point, defendant contends that the trial court erred in entering judgment in plaintiffs' favor because defendant properly allocated the special assessment in accordance with the Missouri Condominium Property Act (the CPA), section 448.005 *et seq.;* the Missouri Uniform Condominium Act (the UCA), section 448.1–101 *et seq.;* and the Amended and Restated Condominium Declaration (the 1995 Amended Declaration) when it specially assessed all units in accordance with their percentage of ownership in the common elements as set forth in the 1995 Amended Declaration.

The CPA governs condominium associations created prior to 1983. It provides that a unit owner is responsible for his "proportionate share of the expenses of administration, maintenance and repair of the common elements.... Such proportionate shares shall be in the same ratio as his percentage of ownership in the common elements as set forth in the declaration." Section 448.080.1. The CPA defines "common elements" as "all portions of the property except the units." Section 448.010(1). The "declaration" is "the instrument and amendments thereto by which the property is submitted to the provisions of [the CPA] and the declaration as from time to time amended." Section 448.010(2). The CPA does not define or address the concept of "limited common elements."

The UCA was enacted in 1983 and applies to all condominiums created in Missouri after September 28, 1983. Section 448.1–102.1; *Bradley v. Mullenix*, 763 S.W.2d 272, 276 n. 1 (Mo.App.1988). In addition, several sections of the UCA, including section 448.3–115, apply "to the extent necessary in construing any of those sections, apply to all condominiums created in this state before September 28, 1983, but those sections apply only with respect to events and circumstances occurring after September 28, 1983, and do not invalidate existing provisions of the declaration, bylaws, or plats of those condominiums." Section 448.1–102.1.

The concept of "limited common elements" is covered in the UCA. Section 448.1–103(17) defines "limited common element" to mean "a portion of the common elements allocated by the declaration or by operation of subdivision (2) or (4) of section 448.2–102 for the exclusive use of one or more but fewer than all of the units." Section 448.3–115 governs assessments for common expenses, including common expenses for limited common elements. Section 448.3–115.2 provides:

2. Except for assessments under subsections 3 and 4 of this section, all common expenses shall be assessed against all the units in accordance with the allocations set forth in the declaration....

Section 448.3–115.3(1) and (2) set forth the exceptions to section 448.3–115.2 that are relevant to this appeal:

3. To the extent required by the declaration:

(1) Any common expense associated with the maintenance, repair, or replacement of a limited common element shall be assessed against the units to which that limited common element is assigned, equally, or in any other proportion that the declaration provides;

(2) Any common expense, or portion thereof, benefiting fewer than all of the units shall be assessed exclusively against the units benefited; . . . .

██ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning.' " *State ex rel. Nixon v. QuikTrip Corp.*, 133 S.W.3d 33, 37 (Mo. banc 2004) (quoting *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988)). Construction of a statute is a matter of law, not a matter of discretion. *Bradley*, 763 S.W.2d at 275. The clear meaning of section 448.3–115.3(1) and (2) is that common expenses associated with a limited common element shall be assessed against the units to which the limited common element is assigned, or common expenses benefiting fewer than all of the units shall be assessed exclusively against the units benefited, but, in both situations, only "to the extent required by the declaration."

██ Thus, we must determine the extent to which the 1995 Amended Declaration requires common expenses associated with the maintenance of a limited common element to be assessed against the units to which the limited common element is assigned, or common expenses benefiting fewer than all of the units to be assessed exclusively against the units benefitted. "The declaration of condominium and its amendments should be construed strictly to assure investors that what the buyer sees the buyer gets, and that equity cannot aid in effecting what ought to have been done in contravention of the Declaration." *Clampit* 884 S.W.2d at 345 (citing *Bradley*, 763 S.W.2d at 276).

Whether a document is ambiguous is a question of law. *See Young Dental Manufacturing v. Engineered Products, Inc.*, 838 S.W.2d 154, 155[1–3] (Mo.App. E.D.1992). It is ambiguous only if its terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in the construction of the terms. *Id.* To determine whether a document is ambiguous, we consider the whole instrument and give the words their natural and ordinary meaning. *Id.* at 156. That natural and ordinary meaning is derived from the dictionary. *Boone County Court v. State*, 631 S.W.2d 321, 324[4] (Mo. banc 1982). Where no ambiguity exists, the intention of the parties must be gathered from the documents alone and not from the acts and deeds of the parties involved. *Jake C. Byers, Inc. v. J.B.C. Investments*, 834 S.W.2d 806, 814[8] (Mo.App. E.D.1992).

*Clampit*, 884 S.W.2d at 345.

The 1995 Amended Declaration defines "Common Elements" as follows:

> *1.8 Common Elements:* All that part of the property which is not a part of the units shown on the surveyor's plans, or described in section 1.5 above. The common elements and limited common elements are more particularly defined under Article 3.

The 1995 Amended Declaration also defines "Limited Common Element":

> *1.13 Limited Common Element:* Is that portion of the Common Elements which are reserved for use of less than all the units.

Article 3, section 3.2 of the 1995 Amended Declaration (as corrected) further provides:

> Section 3.2 *Limited Common Elements:* The limited common elements shall include all the areas reserved for use of only one unit, such as balconies, attics, porches, patios, car ports, garage spaces, reserved parking spaces, base-

ment lockers, or areas reserved for the use of units in a particular building, including hallways, stairways, common basements and lobbies.

Thus, section 3.2 identifies two types of limited common elements, areas reserved for the use of one unit and areas reserved for the units in a particular building.

Plaintiffs argue that although elevators are not specifically listed as areas reserved for the use of units in a particular building, they should be included because they serve a similar function to "stairways." Even if we assume, without deciding, that elevators are included in "areas reserved for the use of units in a particular building," we must still determine whether the declaration requires common expenses associated with the maintenance of those elevators to be assessed only against the units in buildings serviced by elevators.

Plaintiffs argue that section 8.3 of the 1995 Amended Declaration allows this assessment. This section provides:

*8.3 Maintenance of Units and Limited Common Elements:* Each owner shall maintain and keep the unit, porch, balcony and/or patio area, and garage area in good order and repair and shall do nothing which will increase the rate of insurance on the building in which the owner's unit is situated or which would be in violation of law. The exterior of front doors and back doors to each unit shall be painted by the Board as part of the common elements. The unit owner shall also repair and maintain all storm doors and storm windows installed on the unit. The installation of all storm windows and storm doors must be approved by the Board and must conform to any regulations and closely match storm doors and storm windows with others in the building (including color).

Section 8.3 sets out an obligation to maintain the limited common elements that are reserved for the use of only one unit, such as balconies, porches, and patios. It does not set out any obligation to maintain the limited common elements consisting of areas reserved for the use of units in a particular building, such as hallways, stairways, common basements, or lobbies. Moreover, it does not allocate any duty of maintenance for those areas; it does not require any assessment against the units to which those areas are assigned; and it does not provide for an equal or other proportionate assessment for maintenance of those areas. In addition, section 8.3 contains no language requiring any common expense benefiting fewer than all of the units to be assessed exclusively against the units benefited. Thus, even if elevators are included in "areas reserved for the use of units in a particular building," section 8.3 cannot be read to require the costs for maintenance of those areas to be assessed only against those units that are in buildings serviced by those areas.

Section 8.3 is the only section of the 1995 Amended Declaration on which plaintiffs rely to establish their claim that the 1995 Amended Declaration requires common expenses associated with elevator maintenance to be assessed only against the units in buildings serviced by elevators. Since the declaration does not so require, section 448.3–115.2 requires common expenses to be assessed against all units in accordance with the allocations set forth in the declaration. Point one is granted.

## II. *Absence of Indispensable Parties*

We next take up defendant's second point challenging the absence of all indispensable parties. At oral argument, defendant indicated that it would rather have this court decide this case on the merits and not remand the case for joinder of

additional parties. In light of this request, we will treat this point as abandoned.

### III. *Attorney's Fees*

In its third point, defendant maintains that the trial court erred in awarding attorney's fees to plaintiffs because (1) section 448.4–117 of the act does not apply to the condominium; (2) the recorded governing documents of the association do not contain such authority; and (3) the matter was fully submitted on stipulation of the parties. We do not need to reach the question of whether attorney's fees were properly awarded if plaintiffs had prevailed. Relief under section 448.4–117, including attorney's fees, is conditioned on a showing that a defendant failed to comply with a provision of the UCA or of a declaration. Since plaintiffs have not made this showing, they are not entitled to attorney's fees. Point three is granted.

### CROSS–APPEAL

On cross-appeal, plaintiffs assert that the trial court erred in failing to certify a class. Since we have determined that plaintiffs were not entitled to a judgment in their favor on the merits, this claim of error is moot.

### *Conclusion*

The trial court erred in declaring the assessments for the cost of elevator repairs against units in buildings that do not have elevators to be void, in ordering injunctive relief based on that declaration, and in awarding attorney's fees to plaintiffs. The judgment of the circuit court is reversed.

KENNETH M. ROMINES, J. and ROBERT M. CLAYTON, III, J., concur.