Thomas GREEN and Karole Green, Appellants,

v.

The PLAZA IN CLAYTON CONDOMINIUM ASSOCIATION, Respondent/Cross–Appellant,

THF Plaza Condominium, LLC, et al., Respondents.

No. ED 98887.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 1, 2013.

Gary M. Siegel, Gary M. Siegel, LLC, St. Louis, MO, for appellants.

Joseph R. Swift, T. Michael Ward, Scott H. Morgan, Brown & James, P.C., St. Louis, MO, for respondent/cross-appellant The Plaza in Clayton, Condominium Association.

David T. Ahlheim, Justin C. Wilson, Childress Ahlheim Cary LLC, St. Louis, MO, for respondents THF Plaza Condominium, LLC., et al.

KURT S. ODENWALD, Judge.

*Introduction*

Thomas and Karole Green appeal from the trial court's judgment following a jury verdict in favor of their *res ipsa loquitur* negligence claim and against the Greens on their specific negligence claim. The jury found that the Greens' damages were caused by the Plaza in Clayton Condominium Association's ("the Association") general negligence. This litigation arose from a plumbing leak that damaged the Greens' condominium unit and artwork. The Greens named multiple defendants in their petition, three of whom were the THF Plaza Condominium, LLC, the builder of the condominium tower where the Greens' unit was located, and the builder's agents, THF Carondelet Development, LLC, and THF Carondelet Investors, LLC, (collectively, "the THF Defendants"). The THF Defendants moved for a directed verdict on the Greens' *res ipsa loquitur* negligence claim, and the trial court granted the THF Defendants' motion. After trial, the Greens filed a motion for an evidentiary hearing on the issue of attorneys' fees. The trial court denied the Greens' motion.

On appeal, the Greens argue in their first point that the trial court erred in denying their request for an evidentiary hearing on their motion for attorneys' fees. In their second point, the Greens argue that the trial court erred in granting the THF Defendants' motion for a directed verdict because having invoked the doctrine of *res ipsa loquitur*, the relevant point-in-time for determining control over the instrumentality at issue is the time the negligent act was committed, not the time when the injury occurred. In their third point, the Greens argue that the trial court erred in taxing costs against the Greens and in favor of the THF Defendants. In their final point, the Greens request an award of attorneys' fees for this appeal.

The Association cross-appeals and contends that the trial court erred in denying its motion for a directed verdict on the Greens' *res ipsa loquitur* negligence claim.

Because we find that the trial court did not abuse its discretion in denying the Greens an evidentiary hearing, that the relevant point in time at which control over the injury-causing instrumentality is the time of the injury, and that the THF Defendants, as the prevailing parties, are entitled to an award of costs, we affirm the trial court's judgment. Additionally, we affirm the trial court's judgment denying the Association's motion for a directed verdict because the Greens made a submissible case of negligence under the doctrine of *res ipsa loquitur*.

### Factual and Procedural History

The relevant facts established at trial, viewed in the light most favorable to the trial court's judgment, are as follows. In 2002, THF Plaza Condominium, LLC ("THF") erected a residential condominium tower known as the Plaza in Clayton, Missouri. The Plaza has thirty liveable floors and eighty-one units. That same year, THF filed an Amended and Restated Declaration of Condominium Ownership ("Declaration") with the recorder of deeds. The Declaration created the Plaza's governing body, the Association. The Declaration also carved out a five-year period of developer control, which entitled THF to develop units and to control parts of the property. In May 2007, the five-year period of developer control ended. At that time, THF ceded control over the property to the Association.

Thomas and Karole Green, a married couple, purchased unit 1101 of the Plaza in 2002. In May 2004, the Greens moved into their unit, which is located on the eleventh floor. The Greens have been collecting art for approximately fifty years, and their artwork was displayed in their unit. In September 2007, Ki Hong and Eun Hee Ahn ("the Ahns") purchased unit 1601 of the Plaza. Unit 1601 is located on the sixteenth floor.

On the morning of May 28, 2008, Thomas Green noticed water dripping from a light fixture in his kitchen. He notified Karole Green, and Karole contacted Steven Krueger, a member of the Plaza's maintenance crew. Krueger assembled a team of employees to locate the source of the leak. After approximately four or five hours, Krueger discovered that a hot water pipe in the bathroom of unit 1601, the Ahns' unit, had been leaking. The pipe was located behind the Ahns' vanity and was obscured by drywall.

The Greens observed signs of water damage on their floors, walls, baseboards, and artwork. After the leak, the Plaza informed the Greens that unit owners were responsible for repairing the interior of their units and for reimbursing the Plaza for the measures it took to mitigate the water damage. The Plaza instructed unit owners to file property damage claims with their insurance companies. The Greens did not reimburse the Plaza for clean-up costs, refused to file a property damage claim with their insurance company, and demanded $100,000 from the THF Defendants, the Association, and the Ahns. Two months after the Greens' demand, they filed this lawsuit.

In their Second Amended Petition, the Greens alleged nine counts against seven defendants: the THF Defendants; the Association; Plumbing Planning Corporation, the company that installed the Plaza's plumbing system; and the Ahns. Seven of the nine counts were disposed of before trial. The trial court held an eight-day jury trial on the remaining two counts: Count I, a claim of specific negligence against the Association for failing to turn

off the water supply, and Count IX, a claim of general negligence brought under the doctrine of *res ipsa loquitur* against four defendants, the THF Defendants and the Association. At trial, the THF Defendants moved for a directed verdict on Count IX, which the trial court granted. Because the trial court granted the THF Defendants' motion for a directed verdict, the only party the jury was asked to hold liable for the Greens' loss was the Association.

After deliberating for two days, the jury returned a verdict. The jury found in favor of the Association on Count I (specific negligence) and against the Association on Count IX (general negligence). The jury awarded $65,553.00 in damages to the Greens. This appeal follows.

### Points on Appeal

The Greens raise multiple points of error on appeal. In their first point, the Greens argue that the trial court erred in denying their request for an evidentiary hearing on their post-trial motion for attorneys' fees because an award of attorneys' fees is appropriate under Missouri's Uniform Condominium Act ("the Act") and the common law. In their second point, they contend that the trial court erred in entering a directed verdict in favor of the THF Defendants on the Greens' general negligence claim because the Greens established that the THF Defendants and the Association shared exclusive and concurrent control over the pipe. In their third point, the Greens argue that the trial court abused its discretion in awarding costs in favor of the THF Defendants because the Greens prevailed in the underlying trial. In their final point, the Greens request an award of attorneys' fees for this appeal.

The Association filed a cross-appeal in which it argues that the trial court erred in denying its motion for judgment notwithstanding the verdict because the Greens' general negligence claim should not have been submitted to the jury as a matter of law in that the Greens knew, pleaded, and attempted to offer evidence of specific negligence.

### Discussion

**I. The trial court did not err in denying the Greens' request for a post-trial evidentiary hearing on attorneys' fees because an evidentiary hearing was not required.**

In their first point on appeal, the Greens argue that the trial court abused its discretion in denying their request for an evidentiary hearing on their motion for attorneys' fees. The Greens argue that their motion for attorneys' fees sets forth allegations of bad faith and intentional conduct, and under the common law and Section 448.4–117 of the Act, an award of attorneys' fees is appropriate when such conduct has been shown. We disagree.

As a preliminary matter, "Rule 84.04(e) limits the argument under each point to those errors included in the point relied on." *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 584 (Mo.App.E.D.2003). Accordingly, our review is limited to only those issues set forth in the point on appeal. *Id.* We may, however, consider arguments that are fairly encompassed by each point. *Id.*

Here, the Greens' first point on appeal identifies as error the trial court's denial of their post-trial motion for an evidentiary hearing on attorneys' fees. The point does not expressly challenge the trial court's denial of attorneys' fees. However, in the argument section under this point, the Greens assert that trial court had multiple bases upon which it should have granted their motion for attorneys' fees. Although

this contention does not appear in the point on appeal, the issue of the trial court's denial of the Greens' motion for attorneys' fees is fairly encompassed by the point relied on in that the propriety of an award of attorneys' fees would have been a threshold inquiry had an evidentiary hearing been held. Therefore, first, we will address the trial court's denial of the Green's request for an evidentiary hearing. Second, we will review the trial court's denial of the Greens' motion for attorneys' fees.

1. *The Trial Court Did Not Abuse its Discretion in Denying the Greens' Request for an Evidentiary Hearing*

█ At a pre-trial conference, the Greens, the Association, and the THF Defendants stipulated that the issue of attorneys' fees would be addressed in a separate, post-trial proceeding. The day after the jury returned its verdict, the trial court entered a judgment on that verdict. The judgment was silent on attorneys' fees. Approximately one month later, the Greens filed a Motion to Amend Judgment and to Enter an Award of Attorney Fees. In that motion, the Greens requested an evidentiary hearing and an award of attorneys' fees. The trial court denied the Greens' motion.

█ "The matter of whether an evidentiary hearing is required is a decision to be made by the trial court in the exercise of its discretion, a decision reviewable only upon a claim that the court has abused its discretion." *Gorman v. Cornwell Quality Tools*, 752 S.W.2d 844, 847 (Mo.App.W.D.1988). In the context of attorneys' fees,

'The trial court is considered to be an expert on the question of attorney fees; the court that tries a case and is acquainted with all the issues involved may fix the amount of attorneys' fees without the aid of evidence.' ... 'In the absence of evidence to the contrary it is presumed that the allowance for attorney fees was for compensable services ... and that no allowance was made for noncompensable services.'

*Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 656–57 (Mo. banc 2009) (quoting *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980) (internal citations omitted)). "The trial court is considered an expert on the question of attorney fees and as it tried the case, and presumably is acquainted with all the issues involved, may set those fees without the aid of evidence." *Indus. Fin. Corp. v. Ozark Cmty. Mental Health Ctr., Inc.*, 778 S.W.2d 413, 417 (Mo.App.S.D.1989) (citing *Nelson*, 601 S.W.2d at 21). Accordingly, the trial court's ruling on a motion for an evidentiary hearing on attorneys' fees is discretionary and can only be challenged for an abuse of discretion.

On appeal, the Greens contend that Rule 78.05 supports their argument that they were entitled to an evidentiary hearing on their pre-trial motion for attorneys' fees. Rule 78.05, which is entitled After–Trial Motions, provides: "When any after-trial motion ... is based on facts not appearing of record, affidavits *may* be filed.... Depositions and oral testimony *may* be presented in connection with after-trial motions." (emphasis added). On its face, the language of Rule 78.05 authorizes action but does not compel it. The use of the word "may" makes the rule permissive. *See Lorenzini v. Short*, 312 S.W.3d 467, 471 (Mo.App.E.D.2010); *Bloom v. Mo. Bd. For Architects, Prof'l Engineers and Land Surveyors*, 474 S.W.2d 861, 864 (Mo.App. St.L.1971).

The Greens also rely on *Peth v. Heidbrier*, 789 S.W.2d 859 (Mo.App.E.D.1990), to argue that the trial court's refusal to hold an evidentiary hearing was erroneous. In

*Peth,* this Court found that the trial court erred in refusing to grant the plaintiff's request for an evidentiary hearing pursuant to Rule 78.05 on the plaintiff's motion for a new trial, which alleged that venirepersons failed to disclose requested information during voir dire. *Id.* at 861.

*Peth* is distinguishable from the present case. Here, the Greens sought an evidentiary hearing to determine the appropriate amount of attorneys' fees, whereas in *Peth,* the plaintiff prayed for an evidentiary hearing to determine whether there had been juror misconduct. The nature and content of the evidence to be introduced at an evidentiary hearing illustrates the difference between *Peth* and the present case. Here, the Greens would have presented evidence that was known or familiar to the trial court since the court tried the case and was acquainted with the issues. *Essex Contracting, Inc.,* 277 S.W.3d at 656–57. In *Peth,* however, the evidence sought to be introduced at an evidentiary hearing was not already before the court, thereby necessitating the need for an evidentiary hearing. The Greens' reliance on *Peth* is unavailing.

Neither *Peth* nor Rule 78.05 supports the Greens' contention that they were entitled to an evidentiary hearing on their request for attorneys' fees. Based on the record before us, we cannot conclude that the trial court abused its discretion in denying the Greens' motion for an evidentiary hearing.

2. *The Trial Court Did Not Abuse its Discretion in Denying the Greens' request for Attorneys' Fees*

In the argument section under their first point, the Greens contend that the trial court erred in denying their motion for

attorneys' fees for several reasons. The Greens argue that they are entitled to attorneys' fees because the Association violated several provisions of the Act, principally Section 448.4–117.[1] The Greens further argue that the Act and common law permit the trial court to enter an award of attorneys' fees in their favor. Lastly, the Greens suggest that an exception to the American Rule on attorneys' fees permits an award of attorneys' fees in this case. In its judgment, the trial court explained its denial of attorneys' fees, reasoning that "[t]here has been no finding that the defendant violated the Uniform Condominium Act or any declaration or by-laws of the Association[,]" and "[a]ttorney's fees are not recoverable under these circumstances." The trial court also found that "even if res ipsa loquitur was a theory of liability that was supported by the Uniform Condominium Act, based on a review of the entire file, this is not an appropriate case for an award of attorneys' fees."

When confronted with a motion for attorneys' fees, Missouri courts adhere to the American Rule, which provides that litigants ordinarily bear the expense of their own attorneys' fees. *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo.App. E.D.2000). However, a court may award attorneys' fees to prevailing litigants when a statute specifically authorizes an award or when attorneys' fees are specifically provided for by contract. *Essex Contracting, Inc.,* 277 S.W.3d at 657. " 'Absent statutory authority or contractual agreement, each litigant, with few exceptions, must bear the expense of his or her own attorney's fees.' " *Vaughn v. Willard,* 37 S.W.3d 413, 417 (Mo.App.S.D.2001) (quoting *Link v. Kroenke,* 909 S.W.2d 740, 747 (Mo.App.W.D.1995)).

---

1. In the argument section under their first point relied on, the Greens allege that they are entitled to attorneys' fees under various provisions of the Act, including Sections 448.3–107.1; 448.1–113; and 448.3–118.

"We review the denial of a request for attorneys' fees for an abuse of discretion." *Kopp v. Home Furnishing Ctr., LLC,* 210 S.W.3d 319, 329 (Mo.App. W.D.2006); *Harris v. Parman,* 54 S.W.3d 679, 691 (Mo.App.S.D.2001). " 'To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.' " *Howard v. City of Kansas City,* 332 S.W.3d 772, 792 (Mo. banc 2011) (quoting *Russell v. Russell,* 210 S.W.3d 191, 199 (Mo. banc 2007)). "In viewing the trial court's denial of attorney's fees, we view the evidence with great deference toward the court." *In re Estate of Cannamore,* 44 S.W.3d 883, 886 (Mo.App.E.D.2001).

Section 448.4–117 of the Act, which is entitled "Effect of violations on rights of action-attorney's fees," provides:

> If a declarant or any other person subject to sections 448.1–101 to 448.4–120 fails to comply with any provision hereof or any provision of the declaration or bylaws, any person ... affected by such failure to comply has a claim for appropriate relief. ... The court, in an appropriate case, may award reasonable attorney's fees.

"Relief under [S]ection 448.4–117, including attorney's fees, is conditioned on a showing that a defendant failed to comply with a provision of the [Act]. ..." *Epstein v. Villa Dorado Condominium Ass'n, Inc.,* 371 S.W.3d 23, 30 (Mo.App.E.D.2012). In this case, two counts were submitted to the jury, each of which pleaded claims of common law negligence. After the jury found in favor of the Greens on one count and against the Greens on another count, the trial court memorialized the jury's verdict in a judgment. The trial court's judgment does not find that the Association violated the Act because the jury did not make such a finding. An award of attorneys' fees under Section 448.4–117 of the Act is conditioned upon a showing that the defendant failed to comply with the Act. Because the record does not support a finding that the Association violated the Act, the Greens are not entitled to an award of attorneys' fees under the Act. *See Epstein,* 371 S.W.3d at 30.

Further, the Greens' argument that they are entitled to attorneys' fees under the common law is meritless. A court may award attorneys' fees when the litigant has a statutory or contractual right to attorneys' fees. Here, no such right existed, and the common law does not permit an award of attorneys' fees. *See Borgschulte v. Bonnot,* 285 S.W.3d 345, 352 (Mo.App.S.D.2009); *Memco, Inc. v. Chronister,* 27 S.W.3d 871, 877–78 (Mo. App.S.D.2000); *Gollwitzer v. Theodoro,* 675 S.W.2d 109, 111 (Mo.App.E.D.1984).

The Greens posit that an exception to the American Rule known as the "balance benefits" of litigation applies to this case and entitles them to an award of attorneys' fees. In support of their argument, the Greens cite *Feinberg v. Adolph K. Feinberg Hotel Trust,* 922 S.W.2d 21, 26 (Mo. App.E.D.1996). That case involved the removal of co-trustees of a trust and invoked the trial court's equitable jurisdiction to grant relief, including an award of attorneys' fees. *Id.* at 23, 26. Here, the Greens have requested money damages, not equitable relief. The trial court's award of attorneys' fees as equitable relief in *Feinberg* is wholly inapplicable to this case. We are not aware of any authority applying the "balance benefits" of litigation exception outside of a claim for equitable relief; nor has appellant provided any such authority. The Greens are not entitled to award of attorneys' fees under this exception as their claim for damages did

not invoke the trial court's equitable jurisdiction. *See id.* at 26.

The record before us provides no basis on which to award the Greens attorneys' fees. Therefore, the trial court did not abuse its discretion in denying the Greens' motion for an evidentiary hearing and for attorneys' fees. Point one is denied.

**II. The trial court did not err in directing a verdict in favor of the THF Defendants on the Greens' negligence claim brought under the doctrine of *res ipsa loquitur* because the relevant time period at which concurrent and exclusive control is dispositive is the time of injury.**

The focus of the Greens' second point on appeal is control of the leaking pipe. The Greens argue substantial evidence exists to support their claim of negligence brought under the *res ipsa loquitur* doctrine against the THF Defendants because the evidence adduced at trial established that the Association and the THF Defendants shared exclusive and concurrent control of the pipe at the time it was installed and the THF Defendants produced no evidence to negate the inference of negligence.

We review the trial court's grant of a motion for directed verdict to determine whether the plaintiff made a submissible case. *Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 17 (Mo. banc 2013). The issue of whether the plaintiff made a submissible case is a question of law that we review *de novo*. *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 756 (Mo. banc 2011). " 'A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence.' " *Doe 1631*, 395 S.W.3d at 17. Evidence is considered substantial if it has probative force and if a juror could reasonably use it to make his or her decision about the case. *Ozark Emp't Special-*

*ists, Inc. v. Beeman*, 80 S.W.3d 882, 892 (Mo.App.W.D.2002). We view the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff and disregard any contrary evidence. *Lorimont Place, Inc. v. Jerry Lipps, Inc.*, 403 S.W.3d 104, 107 (Mo.App. E.D.2013).

*Res ipsa loquitor* is a rule of evidence that permits the jury to infer from circumstantial evidence that the plaintiff's loss or injury was caused by the defendant's negligent act. *Porter v. RPCS, Inc.*, 402 S.W.3d 161, 174 (Mo.App. S.D.2013); *Weber v. McBride & Son Contracting, Co.*, 182 S.W.3d 643, 645 (Mo. App.E.D.2005). To make a submissible case of negligence under the *res ipsa loquitur* doctrine, the plaintiff must establish three elements: (1) the incident would not ordinarily occur in the absence of negligence; (2) the incident was caused by an instrumentality under the defendant's control; and (3) the defendant has superior knowledge about the cause of the incident. *Sides v. St. Anthony's Med. Ctr.*, 258 S.W.3d 811, 814 (Mo. banc 2008); *Weber*, 182 S.W.3d at 645. For a *res ipsa loquitur* claim to succeed, the plaintiff must prove all three elements of the doctrine. *Crites v. Delta-Y Elec. Co., Inc.*, 819 S.W.2d 791, 793 (Mo.App.E.D.1991). Because the Greens challenge the trial court's interpretation of the second element of the *res ipsa loquitur* framework, our analysis will focus on that element.

At trial, the THF Defendants moved for a directed verdict on the Greens' negligence claim brought under the *res ipsa loquitur* theory. The trial court granted the THF Defendants' motion, explaining that "it's undisputed that at the time the injury occurred [the] THF [Defendants] hadn't had control for over a year." The trial court's entry of a directed

verdict in favor of the THF Defendants and justification for its ruling focused on the party's control over the instrumentality at the time the injury occurred, not the time of the negligent act. The Greens claim error arguing that the relevant point-in-time for establishing a party's control over the instrumentality at issue, here, the leaking pipe, is the time of the negligent act, and not the time the injury occurred.

The Greens offer *Kelly v. Laclede Real Estate & Inv. Co.*, 348 Mo. 407, 155 S.W.2d 90 (1941), to support their argument. In *Kelly*, the plaintiff was injured by a piece of terra cotta that fell from a building. *Id.* at 91. The plaintiff brought a lawsuit for negligence, invoking the *res ipsa loquitur* doctrine, against two defendants, the building's lessee and lessor. *Id.* at 91–92. The trial court denied the lessor's motion for a directed verdict that was premised upon the landlord's lack of control. *Id.* at 95. The lessor argued, *inter alia*, that it had been out of possession of the building for five years, it did not have exclusive possession or control over the building's walls, and the lessee had exclusive occupancy and possession of the building. *Id.* In holding that the jury was entitled to apply the doctrine of *res ipsa loquitur* to find the lessor negligent, the appellate court applied principles of lessor and lessee law and stated there were sufficient facts to infer that the lessor breached its duty to the plaintiff because the piece of terra cotta fell by reason of defective design, plan, or construction of the building, and the conditions causing the injury existed at the time the building was leased. *Id.* at 96–97. Critical to the analysis of the *Kelly* court was the fact that the defendant retained the right to control the premises given its status as the landlord and owner of the building. The *Kelly* rationale is inapplicable to the facts in this case because unlike *Kelly*, there exists no land-lord-tenant relationship between the THF Defendants and the Association, and the THF Defendants have no ownership interest in the condominium tower.

More importantly, the Greens' proposed application of the *res ipsa loquitur* doctrine runs afoul of long-standing Missouri precedent. The elements of the *res ipsa loquitur* doctrine are well established in Missouri, and the second element requires control over the instrumentality that caused the injury at the time the injury occurred. *Plato Reorganized Sch. Dist. No.R–5 of Tex. v. Intercounty Elec. Coop. Ass'n*, 425 S.W.2d 914, 917–18 (Mo. 1968); *Maybach v. Falstaff Brewing Corp.*, 359 Mo. 446, 222 S.W.2d 87, 90 (1949); *Payne v. Carson*, 224 S.W.2d 60, 62 (Mo. 1949); *Anderton v. Downs*, 459 S.W.2d 101, 104 (Mo.App.K.C.1970); *Shemwell v. Ailshire*, 384 S.W.2d 104, 106 (Mo.App. K.C.1964); *Hutchins v. Southview Golf Club, Inc.*, 343 S.W.2d 223, 224 (Mo.App. K.C.1960); *Kees v. Canada Dry Ginger Ale*, 225 S.W.2d 169, 171 (Mo.App.K.C. 1949).

Despite the well-developed case law on this issue, the Greens direct our attention to cases that include the following language: "The requirement that the instrumentality be under the management and control of the defendant does not mean, or is not limited to, actual physical control, but refers to the right of control at the time the negligence was committed." *Niman v. Plaza House*, 471 S.W.2d 207, 209 (Mo. banc 1971); *McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557, 560 (1932). The Greens argue that the phrase, "at the time the negligence was committed," refers to the point in time at which the act or inaction that precipitated damage occurred. We are not persuaded by Greens' argument as to the temporal aspect of "control." Under the doctrine of *res ipsa*

*loquitur*, the time at which control over the instrumentality is relevant is the time the injury occurred because that is when a negligence claim springs to life. *Plato Reorganized Sch. Dist. No.R–5 of Tex.*, 425 S.W.2d at 917–18; *Maybach*, 222 S.W.2d at 90; *Payne*, 224 S.W.2d at 62; *Anderton*, 459 S.W.2d at 104; *Shemwell*, 384 S.W.2d at 106; *Hutchins*, 343 S.W.2d at 224; *Kees*, 225 S.W.2d at 171; *see also Lough by Lough v. Rolla Women's Clinic, Inc.*, 866 S.W.2d 851, 853 n. 1 (Mo. banc 1993) (explaining that a negligence claims springs to life only after a person or entity suffers damages).

 The Greens next argue that the trial court erred in entering a directed verdict in favor of the THF Defendants because the THF Defendants "produced no evidence to negate the strong inference of negligence." This line of reasoning misstates the law.

The making of a submissible case under res ipsa loquitur creates only a permissible, rebuttable inference of negligence. The defendant is not required to introduce evidence to rebut the inference of negligence, and the trier of fact is free to accept or reject the inference, even if the defendant introduces no contrary evidence. The burden of proving liability remains, at all times, with the plaintiff.

*State ex rel. GS Technologies Operating Co., Inc. v. Pub. Serv. Com'n of State of Mo.*, 116 S.W.3d 680, 694–95 (Mo.App. W.D.2003). Accordingly, the THF Defendants were not required to negate the permissible inference of negligence by introducing contrary evidence at trial, and the trial court did not err in entering the directed verdict despite the lack of such evidence from the THF Defendants.

Case law addressing the doctrine of *res ipsa loquitur* has firmly established that the time at which control over the instru-

mentality is dispositive is the time the injury occurred and that defendants in a general negligence lawsuit are not required to negate the inference of negligence. Accordingly, the trial court did not err when it entered a directed verdict in favor of the THF Defendants. Point two is denied.

**III. The trial court did not err in taxing costs against the Greens and in favor of the THF Defendants because the THF Defendants were the prevailing party.**

For their third point, the Greens argue that the trial court abused its discretion by awarding costs in favor of the THF Defendants because: (1) it was reasonable for the THF Defendants to be defendants; (2) the Greens prevailed against the Association in the underlying trial and were awarded costs; (3) the THF Defendants and the Association shared exclusive and concurrent control of the pipe; and (4) the THF Defendants and the Association were both covered under the same insurance policy.

 "The award of costs is a matter within the circuit court's sound discretion, and we will not disturb the award absent a showing of an abuse of discretion." *Sasnett v. Jons*, 400 S.W.3d 429, 441 (Mo.App. W.D.2013); *Hoag v. McBride & Son Inv. Co., Inc.*, 967 S.W.2d 157, 175 (Mo.App. E.D.1998). An abuse of discretion occurs when the court's decision " 'was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.' " *Sasnett*, 400 S.W.3d at 441 (quoting *Russell*, 210 S.W.3d at 199).

The trial court entered a final judgment on August 7, 2012, memorializing its entry of a directed verdict in favor of the THF Defendants on the Greens' general negligence count. The final judgment taxed

costs in favor of the THF Defendants and against the Greens.

Rule 77.01 provides: "In civil actions, the party prevailing shall recover his [or her] costs against the other party, unless otherwise provided in these rules or by law." "Pursuant to Rule 77.01 ..., the prevailing party in a civil action is entitled to recover costs against the other party." *Klinkerfuss v. Cronin,* 199 S.W.3d 831, 841 (Mo.App.E.D.2006); *Sasnett,* 400 S.W.3d at 441.

We must determine whether the Greens or the THF Defendants are the prevailing party. Here, the trial court sustained the THF Defendants' motions for directed verdicts at the close of the trial, and none of the Greens' claims against the THF Defendants' were submitted to the jury. Accordingly, the Greens' claims against the THF Defendants failed, and the THF Defendants prevailed. As the prevailing parties, the THF Defendants were entitled to recover costs against the Greens. Therefore, the trial court did not abuse its discretion in taxing costs against the Greens. Point three is denied.

**IV. The Greens' request for an award of attorneys' fees on appeal is denied because they did not prevail.**

In their fourth point, the Greens request an award of attorneys' fees on appeal pursuant to our Local Rule 400, the Act, and common law. " 'The entitlement to attorneys' fees on appeal stands upon the same ground as that at the trial court level.' " *Stark Liquidation Co. v. Florists' Mut. Ins. Co.,* 243 S.W.3d 385, 402 (Mo. App.E.D.2007) (quoting *Vogt v. Emmons,* 181 S.W.3d 87, 97–98 (Mo.App.E.D.2005)).

In the argument section under this point, the Greens concede that the entry of an award of attorneys' fees in their favor is appropriate only if they pre-vail on appeal. In addition to prevailing on appeal, for this Court to enter an award of attorneys' fees, a statutory or contractual provision permitting such an award is necessary. *Essex Contracting, Inc.,* 277 S.W.3d at 657. Here, we have affirmed the trial court's denial of attorneys' fees, as discussed above, and its entry of a directed verdict in favor of the THF Defendants. Because the Greens have not prevailed on appeal and there is no statutory authority upon which an award of attorneys' fees would be appropriate, they are not entitled to an award of attorneys' fees for this appeal. *See Monsanto Co. v. Garst Seed Co.,* 241 S.W.3d 401, 416–17 (Mo.App.E.D.2007). Point four is denied.

**V. The trial court did not err in denying the Association's motion for judgment notwithstanding the verdict because the Greens presented a submissible case of negligence under the *res ipsa loquitur* doctrine.**

In its sole point on cross-appeal, the Association asserts that the trial court erred in denying its motion for judgment notwithstanding the verdict. The Association argues that the Greens' general negligence claim brought under the *res ipsa loquitur* doctrine should not have been submitted to the jury as a matter of law because the Greens knew, pleaded, and attempted to offer evidence of specific negligence against the Association.

The standards of review for a denial of a motion for judgment notwithstanding the verdict and the denial of a motion for directed verdict are essentially the same. To defeat either motion, the plaintiff must make a submissible case by offering substantial evidence supporting every fact essential to a finding of liability.... The jury's verdict will be reversed only if there is a complete ab-

sence of probative facts to support the jury's conclusion.

*Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010) (internal citations omitted). "A motion for JNOV should only be granted when there is no room for reasonable minds to differ as to the ultimate disposition of the case." *Balke v. Central Mo. Elec. Coop.*, 966 S.W.2d 15, 20 (Mo.App.W.D.1997).

■ To make a submissible case of negligence under the *res ipsa loquitur* doctrine, the plaintiff must establish three elements: (1) the incident would not ordinarily occur in the absence of negligence; (2) the incident was caused by an instrumentality under the defendant's control; and (3) the defendant has superior knowledge about the cause of the incident. *Sides*, 258 S.W.3d at 814; *Weber*, 182 S.W.3d at 645. "The application of the doctrine simply requires that facts and circumstances . . . existed from which one can conclude that, more often than not, an occurrence or accident of the type involved results from a failure to exercise reasonable care by the party in charge of the instrumentality." *Weaks v. Rupp*, 966 S.W.2d 387, 394 (Mo.App.W.D.1998). It is within the exclusive province of a trial court to determine whether a plaintiff can invoke the doctrine of *res ipsa loquitur*. *Weaks*, 966 S.W.2d at 394.

■ After the close of the evidence, the trial court denied the Association's motion for a directed verdict on the Greens' specific and general negligence counts. Thereafter, the Association filed a motion for judgment notwithstanding the verdict, or alternatively, for a new trial. The trial court denied the Association's motion. We will now review the evidence admitted at trial to determine whether the Greens presented a submissible case of negligence under the doctrine of *res ipsa loquitur*.

■ To determine whether an incident would not ordinarily occur in the absence of negligence, trial court judges apply their common sense and life experience to the incident. *Eversole v. Woods Acquisition, Inc.*, 135 S.W.3d 425, 428 (Mo.App. W.D.2004) (quoting *City of Kennett v. Akers*, 564 S.W.2d 41, 45 (Mo. banc 1978)). Viewing the evidence in the light most favorable to the Greens, the Greens lived in their new unit for only four years before a pipe in the Plaza's new plumbing system sprung a leak. A faulty pipe would not ordinarily occur in a new plumbing system absent negligence. Therefore, the trial court was entitled to find that substantial evidence had been presented to satisfy the first element of a *res ipsa loquitur* negligence claim.

■ With respect to the second element of the Greens' *res ipsa loquitur* negligence claim, "[t]he requirement that the instrumentality be under the management and control of the defendant does not mean, nor is limited to, actual physical control, but refers rather to the right of control. . . ." *Weaks*, 966 S.W.2d at 394–95. At trial, there was evidence that the leaky pipe was controlled exclusively by the Association. Pursuant to the Declaration, as of May 2007, the Association became responsible for maintaining the Plaza's common areas and shared systems, including the plumbing system. The leak in unit 1601 occurred on May 28, 2008. Therefore, the evidence at trial made it clear that the Association had the right to control to pipe on that date, and the Greens proffered substantial evidence on the second element of their *res ipsa loquitur* negligence claim.

With respect to the third element, "Missouri courts often infer the 'superior knowledge' element of *res ipsa loquitur* from the defendant's control over the instrumentality at issue." *Weaks*, 966 S.W.2d at 395. The Greens presented

substantial evidence at trial demonstrating that the Association controlled the faulty pipe when the leak erupted in May 2008. Additionally, there was evidence showing that the Association had superior means of information as to the cause of the leak since the Plaza's maintenance team investigated the leak and determined its source. Therefore, because the Greens presented substantial evidence at trial supporting every fact essential to finding liability under the doctrine of *res ipsa loquitur*, the trial court did not err in overruling the Association's motion for judgment notwithstanding the verdict.

 The Association, however, invites this Court to find error in the trial court's judgment because according to the Association, the Greens proffered evidence at trial of specific negligence, and evidence of specific negligence is incompatible with the doctrine of *res ipsa loquitur*. After a thorough review of the record, the Greens presented evidence at trial indicating that their unit and artwork were damaged by water, that the water came from a pipe located on the sixteenth floor, and that pipe was part of the Plaza's plumbing system. The Greens' evidence did not explain why that pipe began leaking. Moreover, during closing arguments, the Greens' attorney argued: "Shouldn't the Association on behalf of the Association's unit owners get to the bottom of it and find out who's responsible and that hasn't been done here. That's still a mystery...." Based on a review of the record before us, the Greens did not adduce evidence of specific negligence at trial. The Association's cross-appeal is denied.

### Conclusion

The trial court did not err in denying the Greens' motion for an evidentiary hearing on attorneys' fees because the Greens were not entitled to such a hearing.

Furthermore, the trial court did not err in denying the Greens' motion for attorneys' fees because the Greens were not entitled to such an award. The trial court did not err in directing a verdict in favor of the THF Defendants on the Greens' general negligence claim because the THF Defendants did not have control over the injury-causing instrumentality at the time the Greens' injury occurred. The trial court did not err in taxing costs against the Greens because the THF Defendants were the prevailing party over the Greens. The Greens' request for attorneys' fees on appeal is denied because they did not prevail on appeal. Lastly, the trial court did not err in denying the Association's motion for a directed verdict because the Greens made a submissible case of negligence under the doctrine of *res ipsa loquitur*. The judgment of the trial court is affirmed.

MARY K. HOFF, P.J., and ANGELA T. QUIGLESS J., Concur.